[No. 7,542.   Department Two.—October 2, 1884.]

## A. J. GLADDING ET AL., RESPONDENTS, *v.* CALIFORNIA FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION, APPELLANT.

CONTRACT—FIRE INSURANCE—INCREASE OF RISK—WAIVER OF CONDITIONS.— Where it is stipulated in a policy of fire insurance, that it shall be void if the risk be increased by any means, and that nothing shall be construed as a waiver of the condition by the insurer, unless there be a distinct and specific agreement, clearly expressed and indorsed on the policy, no officer or agent of the insurer can authorize an increase of the risk in any manner other than that prescribed by the policy.

ID.—FINDINGS—ISSUES.—If in an action upon a fire insurance policy, the defendant avers in his answer, that the risk was materially increased by the storage of goods of an inflammable nature in an adjacent building of the plaintiff, contrary to the provisions of the policy, and evidence has been introduced on the subject, the Court should find as to the fact.

APPEAL from a judgment of the Superior Court of the city

and county of San Francisco, and from an order refusing a new trial.

Action upon a fire insurance policy. The building insured and burned was a frame building used as a tannery. Near this was a shed belonging to the plaintiffs. After the policy was issued, the plaintiff permitted a third party to store hay in the shed. It was claimed that a local agent of the defendant consented to the storage, but it was not shown that there was any written endorsement of consent upon the policy. There was evidence tending to show that the risk was materially increased by the storage of hay in the shed. The other facts appear in the opinion of the court.

*A. W. Thompson,* for Appellant.

*Fox & Kellogg,* for Respondents.

SHARPSTEIN, J.—The finding that the hay which was in a shed near the building destroyed by fire was not stored there by the plaintiffs or with their consent, but was stored there with the knowledge and consent of the authorized agent of the defendant, and that the increase of risk occasioned thereby was with the knowledge and consent of the defendant, is attacked on several grounds, some of which we think to be well founded.

1. A witness for plaintiffs testified that he stored the hay in the shed, and that before doing so he applied to plaintiffs for permission, and was told by one of them that he would not consent unless witness obtained the consent of Mr. Kinney (defendant's agent). If he consented, witness could put the hay in. He says he saw Kinney, and was told by him "to go on and put it in." Thereupon witness stored the hay in the shed. This evidence is not contradicted, and being introduced by plaintiffs, we may assume, as against them, its entire truthfulness. The finding that the hay was not stored in the shed with the consent of the plaintiffs, is clearly at variance with the fact of their having consented to its being so stored, if Kinney would consent.

2. There is a stipulation in the policy that it shall be void, "if the risk be increased by any means," and another that,

"the use of general terms, or anything less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein."

It is alleged in the answer, that the risk was materially increased by storing hay in said shed. The court should have found whether it was or not. There was some evidence which tended to prove that it was.

If any effect is to be given to the clause last above quoted from the policy, the finding that the hay was stored, "with the knowledge and consent of the authorized agent of the defendant," is not sufficient to constitute a waiver of the preceding clause, "that if the risk be increased by any means," the "policy shall be void." That finding has no other support than is afforded it by evidence that when the plaintiffs were asked to consent to the storage of hay in the shed, they told the applicant that if Kinney would consent they would; and that Kinney was at the time defendant's local agent at Oakland. The powers of such an agent are nowhere stated. He was not the agent through whom the application for insurance was made, and does not appear to have had any connection with the matter before his consent to the storage of the hay was asked and obtained. The authority to consent to an increase of the risk was probably inferred from the fact that he was the local agent of the company in the city where the loss occurred.

As to who should have indorsed on the policy a consent to an increase of risk, in order to have it constitute a waiver of the condition that if the risk was increased the policy should be void, the instrument is silent. But it explicitly declares that unless so indorsed, it shall not be construed as a waiver of any written or printed condition or restriction contained in the policy. Apparently, the mode is the measure of the power. If so, no officer of the company was authorized to consent to an increase of the risk in any other than the prescribed mode. We do not doubt the competency of the parties to stipulate that no condition or restriction contained in the policy should be waived except by indorsement on it; and that they did so stipulate is too clear to admit of doubt.

The condition that if the risk was increased the policy should

be void, entered into and formed a part of the contract of insur-
ance, and we know of no case in which it has been held that an
express stipulation that such a condition should not be waived,
except by indorsement on the policy, could be waived in any
other way.   The furthest that any court has gone, so far as we
are advised, was to hold that this did not apply to stipulations
which were to be performed after a loss had occurred, such as
giving notice, and furnishing preliminary proof of the loss.
(*Franklin F. Insurance Co.* v. *Chicago Ice Co.*, 36 Md. 102.)
    Judgment and order reversed.

    MYRICK, J., and THORNTON, J., concurred.

    Hearing in Bank denied.