[No. 9860.   Department One. — October 30, 1885.]

MANUEL ENOS, RESPONDENT, *v.* SUN INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — POLICY — APPLICATION — NOTICE TO AGENT — INSURER WHEN NOT BOUND BY. — A policy of fire insurance expressly exempted the insurer from being bound by any act or statement not contained in the application for or indorsed on the policy. *Held,* that notice to its agent as to a matter different from that contained in the policy and application did not bind the insurer.

ID. — CONDITIONS OF POLICY — HOW WAIVED. — The policy further provided that nothing less than a distinct, specific agreement, indorsed on or attached to the policy, should be construed as a waiver of any printed or written conditions or restrictions therein. *Held,* that a local agent of the insurer could not waive any of the provisions of the policy, except in the mode thus provided for.

ID. — FISHING SCOW — BUILDING — QUESTION FOR JURY. — A question involved in the action was whether or not the property insured, a fishing scow, was a building within the meaning of that word as used in the policy. *Held,* that the question was one of fact to be determined by the jury from all the surrounding circumstances.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Grove L. Johnson,* for Appellant.

*Freeman & Bates,* for Respondent.

FOOTE, C. — Action on a fire insurance policy. The plaintiff had judgment for the amount claimed; the defendant moved for a new trial, which was denied. From the order made therein and the judgment, an appeal was taken. The case was tried by a jury.

One of the questions involved in it was, whether or not the fishing scow, which was insured, was in the policy of insurance included in the word "building," and thereby affected by all the terms and conditions of the policy as a building. The

defendant contended that it was so included, and that therefore it being *unoccupied* both at the time it was insured and at the time it was burned, the plaintiff could not recover.

Another was whether or not the scow belonged at the time the policy was issued, and it was burned, to the plaintiff, or to one Valine.

The policy in question, among other things, contained the following clauses:—

"*First*—The assured covenants that every fact and circumstance affecting the risk or hazard adversely to this company has been fully made known to the company.

"*Second*—That this company shall not be bound by any act or statement which is not contained in the written application, or indorsed on this policy.

"*Third*— *Waiver.*   The use of general terms or anything less than a distinct, specific agreement, indorsed or attached to this policy, shall not be construed as a waiver of any printed or written condition or restriction herein.

"*Fourth*—Conditions voiding this policy, without written permission indorsed hereon, or stated in writing in the application for this insurance, . . . . or if the above-described building or buildings, or either of them, now are, or shall become vacant or unoccupied."

According to the second clause, it seems that the Sun Insurance Company, in its contract with the insured, had expressly exempted itself from being bound by "any act or statement" not contained in the application for the policy, or indorsed on said policy.   Hence no notice to its agent as to anything different from what the policy and application contained would bind the company, and the defendant's instruction No. 4 on this point asked should have been given.

Instruction No. 3 should have been granted, as the local agent according to the terms of the policy could not, as claimed, waive any of the provisions of the policy; it could only be done by writing on it or the application. (*Shuggart* v. *Lycoming Fire Ins. Co.* 55 Cal. 408–413; *Gladding* v. *Ins. Assoc.* 66 Cal. 6; *McCormick* v. *Springfield Fire Ins. Co.* 66 Cal. 361; *Silverberg* v. *Phœnix Ins. Co.* 67 Cal. 36.,

The defendant offered to prove by the witness, Frank I. Lewis, who had been for fourteen years engaged in the fishing business on the Sacramento River, that scows of the kind and character as the one insured were used and occupied as buildings by the persons owning them ; that in the fishing season such persons used them as residences and places of business, and that when the fishing season was over they used them as residences on land ; that this particular scow was so used, and that in the same locality as that of the one in controversy other scows were so used.

This evidence so offered was admissible. And upon it and the circumstances surrounding the transaction, it would have been proper for the court by instructions to have left the jury to determine, as a matter of fact, whether or not the parties making this contract of insurance, intended that all the limitations and conditions thereof should apply to the scow as a building. This testimony having been excluded, the instructions on the point became useless and misleading.

None of the testimony as to conversations with Hoagland was competent. Nor was the proof offered by the defendant as to what consideration Enos had paid for the scow, as there was no question of a fraud on creditors involved in the case.

In so far as the charge of the court announced the law to be different from what we have indicated it to be in this case, there was error.

The judgment and order should be reversed and the cause remanded for a new trial.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.