## LAWRENCE KYTE *vs.* COMMERCIAL UNION ASSURANCE COMPANY.

Suffolk.   Jan. 20. — Feb. 24, 1887.   HOLMES & GARDNER, JJ., absent.

Before a policy of insurance against fire had been issued to A., the land on which the building insured was situated had been conveyed to B. for the non-payment of a tax assessed thereon, and B. had conveyed his title to A.'s wife. During the term of the policy, for the purpose of vesting the entire interest in A., the wife conveyed the land to C., and A. joined in the conveyance in release of his right as tenant by the curtesy. C. on the same day conveyed the land to A. *Held,* that there was no breach of a condition in the policy rendering it void if "the property shall be sold."

A local agent of an insurance company, with authority to receive premiums and issue policies, has no authority, as such, to waive the condition of a policy requiring the written or printed assent of the company to any change in the situation or circumstances affecting the risk.

If, in an action on a policy of insurance against loss by fire, brought by the insured in his own behalf, and in behalf of a mortgagee, it appears by the bill of exceptions that the case was tried as if the insured were the only person interested,

and no ruling was requested as to any independent right of the mortgagee to recover, and the extent of his interest did not· appear, an exception taken by the defendant to a ruling of the judge, in regard to the effect of a breach of a condition in the policy by the insured, will not be regarded as immaterial, although by the terms of another provision in the policy such breach would not affect the right of a mortgagee to recover.

CONTRACT, by Lawrence Kyte, for his own benefit, and for the benefit of Charles Q. Tirrell as mortgagee. The declaration contained two counts. The first count was on a policy of insurance against loss by fire, dated January 24, 1881, for $2000, issued by the defendant to the plaintiff, and covering property described as " his two and one half story frame dwelling-house " in Natick, for the term of three years. The second count was on a similar policy, dated April 2, 1881, for $400, issued by the defendant to the plaintiff, and covering property described as " his new frame barn and shed attached thereto." Each policy was in the form prescribed by the Pub. Sts. c. 119, § 139.

At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the plaintiff in the sum of $2193.08; and the defendant alleged exceptions, which appear in the opinion.

*E. B. Powers*, for the defendant.

*R. D. Smith & C. Q. Tirrell*, for the plaintiff.

DEVENS, J. After the plaintiff had acquired title to the land on which the buildings insured were situated, and before the first policy in suit was issued, the land was sold for the non-payment of taxes to one Nutt, and Nutt had conveyed his title to the plaintiff's wife, the ·plaintiff paying the consideration. After both policies were issued, the wife conveyed the land with the buildings thereon to John P. Kyte, the plaintiff joining in the conveyance in release of his right as tenant by the curtesy. On the same day John P. Kyte conveyed the premises to the plaintiff. Each policy contains the condition that it shall be void, if, without the assent of the company in writing, " the said property shall be sold." The defendant contended that the conveyances above set forth avoided the policy, and asked the judge so to instruct the jury. The judge declined so to do, and ruled that, if the purpose of the conveyances was to vest the entire interest in the plaintiff, there was not a violation of the terms of the policy.

There does not appear to have been any misrepresentation of his title by the plaintiff when he received his policy. Whatever may have been the effect of the sale of the land for taxes, he was certainly tenant by the curtesy, and this was sufficient to give him an insurable interest. *Williams* v. *Roger Williams Ins. Co.* 107 Mass. 377. *Harris* v. *York Ins. Co.* 50 Penn. St. 341. The instruction given by the presiding judge had reference to the transaction as it had been described. The evidence showed this to have been a transfer of a tax-title interest by the wife, through a third person, to the plaintiff. The seisin of this third person was instantaneous only, and he was merely a conduit through whom the full title was to be passed to the plaintiff. To hold the conveyance by the wife, her husband joining in it, to be a sale, within the clause of the policy, would be to construe it too strictly, and to attribute to it a meaning which it was not intended to bear. The plaintiff would therefore be entitled to recover upon the second count, which was upon the policy on the barn, if the verdict were not for an entire sum, as there is no suggestion that this was vitiated, unless by the conveyance referred to.

In regard to the policy upon the house, other questions are presented. The defendant had offered evidence that the house was used by the plaintiff, during the time covered by the policy, for the illegal sale of intoxicating liquors; and requested a ruling that, if this were the case, the plaintiff could not recover. This ruling was refused, and the exception thereto is not now insisted on. The jury were, in this connection, instructed that, if there was such a change in the use of the house and the manner of its occupation (it having been insured as a dwelling-house) as to increase the risk, without the knowledge of the defendant, this would affect the policy.

The plaintiff then offered the evidence of Alexander Blaney, the local agent of the defendant, who was also chairman of the selectmen of Natick, that the plaintiff had, during the time covered by the policy, received a victualler's license, and one to sell spirituous liquors of all kinds; and that he informed the plaintiff, on granting the license, that he could continue under the policies of insurance as they then existed, although he would have to charge him more the next time. The plaintiff,

as well as Blaney, testified that, at the time of obtaining the license as a victualler and also to sell liquor, or at some other time, it was agreed that this would not affect anything during the life of the policy, but that Blaney would not give another policy on the same terms.

Upon this evidence, the defendant requested the court to instruct the jury, in substance, that a local agent, with authority to receive premiums and issue policies, had no authority, as such, to waive the terms and conditions of the policy, or to waive the condition in the policy which required the written or printed assent of the company to any change in "the situation or circumstances affecting the risk." To these instructions the defendant was entitled. They correctly state the law, and were called for by the evidence. An agent to receive premiums and issue policies is not, independently of evidence showing that he has a much larger authority than this, empowered to waive conditions so important that parties have seen fit to incorporate them into their contract. Some additional evidence must be offered, as that he had been held out by the company as possessing such authority, or that the company had so ratified similar acts, or had so conducted itself in regard to his other transactions, that the insured was justified in believing that he had such authority. *Tate* v. *Citizens' Ins. Co.* 13 Gray, 79. *Harrison* v. *City Ins. Co.* 9 Allen, 231. *Lohnes* v. *Ins. Co. of North America*, 121 Mass. 439. Nor, even if the agent had the fullest authority, could the conditions of the policy be waived except in the manner in which they provide for such waiver. A company, which has seen fit to prescribe that the terms and conditions of its policy shall only be waived by its written or printed assent, has prescribed only a reasonable rule to guard against the uncertainties of oral evidence, and by this the insured has assented to be bound. *Hale* v. *Mechanics' Ins. Co.* 6 Gray, 169. *Worcester Bank* v. *Hartford Ins. Co.* 11 Cush. 265.

Upon this point, the case was submitted by the learned judge to the jury only upon the question whether the plaintiff had acted in good faith. This was erroneous, for the plaintiff might have acted in entire good faith, and honestly believed that his change in the occupation of the premises insured was justified upon the oral permission of an agent without authority

for any such purpose, and yet by such change have avoided his policy.

It appears by the exceptions, that, on August 31, 1881, the premises were mortgaged to C. Q. Tirrell, but for how much does not appear; that the policy was indorsed by the defendant's agent, Blaney, who, it was admitted, had authority for that purpose, " Payable in case of loss to Charles Q. Tirrell, mortgagee, as his interest may appear." It appears that the action is brought by the plaintiff for his own benefit and that of the mortgagee. The plaintiff contends that no change in the occupancy would affect the mortgagee's interest, and therefore as to this claim no defence whatever is shown, as, by the terms of the policy, when made payable to a mortgagee, " no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate." But we cannot, upon this argument, hold the exceptions to be immaterial, and that the plaintiff would be in any event entitled to his verdict. No such question as this was passed on by the presiding judge. Apparently, the case was tried as if the plaintiff was the only party interested, and the exceptions do not show, and were not intended to show, the relation of the mortgagee either to the plaintiff or to the defendant. It was not suggested at the trial that the mortgagee had any independent right to recover, nor can we say what might have been the course of the trial if he had sought to establish any such right. The questions that might arise in such a case, it would not be profitable to discuss in advance.

As to the second count, the exceptions are overruled; as to the first, the exceptions are sustained.

As the verdict is for one sum on both counts, it must be set aside, and a *New trial ordered.*