# CASES DETERMINED

## *August Term, 1887.*

---

HANKINS, Respondent, vs. THE ROCKFORD INSURANCE COMPANY, Appellant.

*October 18 — November 1, 1887.*

*Insurance against fire: Stipulation against incumbrances: Waiver by local agent.*

1. Where the policy provided that it should become void if the property should thereafter become mortgaged without consent, etc., the fact that an existing mortgage mentioned in the policy is afterwards paid and discharged does not authorize the giving of a new mortgage to a different party.

2. Where the assured has accepted a policy prohibiting the waiver of any of its provisions by the local agent, he is bound thereby, and any subsequently attempted waiver, merely by virtue of such agency, is a nullity.

APPEAL from the Circuit Court for *Richland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action is upon a policy of insurance issued by the defendant to the plaintiff, June 10, 1885, wherein and whereby the defendant, in effect, agreed to make good all such immediate loss or damage as might be sustained by the plaintiff by fire and lightning to the building and property therein specified, not exceeding the sum insured, from June 10, 1885, to June 10, 1890, and containing this clause: " Loss, if any, payable to Mrs. Emma Pease, as her interest

| | |
|---|---|
| 70 | 1 |
| 69 | 609 |
| 70 | 1 |
| 74 | 95 |
| 74 | 98 |
| 74 | 473 |
| 70 | 1 |
| 75 | 157 |
| 75 | 203 |
| 75 | 527 |
| 75 | 528 |
| 70 | 1 |
| 78 | 592 |
| 79 | 403 |
| 70 | 1 |
| 80 | 396 |
| 70 | 1 |
| 81 | 338 |
| 70 | 1 |
| 84 | 89 |
| 70 | 1 |
| 85 | 197 |
| 70 | 1 |
| 86 | 406 |
| 86 | 608 |
| 70 | 1 |
| 92 | 516 |
| 70 | 1 |
| 97 | 243 |

may appear, as mortgagee;" and also a clause to the effect that if any of the property thereby insured should thereafter become mortgaged or in any manner incumbered, "without the consent of the secretary in writing," then and in every such case said policy should become void. The policy also contained this clause: "It is expressly provided that no officer, agent, or employee, or any person or persons, except the secretary, in writing, can in any manner waive either or any of the conditions of this policy, which is made and accepted upon the above express conditions."

The Pease mortgage appears to have been paid and discharged July 14, 1885. October 8, 1886, the building so insured was, without the fault of the plaintiff, totally destroyed by fire. This action was commenced February 28, 1887. Among the defenses relied upon is that March 24, 1886, and contrary to a clause of the policy above mentioned, and without any such waiver thereof, the plaintiff and his wife executed and delivered to one James a mortgage upon the premises insured, to secure the payment of the sum of $62.50; which mortgage was thereupon duly recorded, and continued to be a valid and subsisting lien and incumbrance upon said premises insured from the date thereof until long after the said building had been consumed by fire and the loss of the plaintiff thereby incurred. A motion for a nonsuit having been overruled, and at the close of the trial, the jury returned a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

*H. W. Chynoweth*, for the appellant, contended, *inter alia*, that the agent could not waive any of the provisions of the policy, as by its terms he was prohibited from so doing. The assured had notice of the limited powers of the agent in this behalf, and is in no position to complain. The provision prohibiting waiver by the agent is valid and defeats a recovery. To this point he cited, besides cases cited in the opinion, *Catoir v. Am. L. I. & T. Co.* 33 N. J. Law, 487;

*Brown v. Mass. M. L. Ins. Co.* 59 N. H. 298; *Calhoun v. Union M. L. Ins. Co.* 3 Pugs. & B. (N. B.), 13; *Davis v. Mass. L. Ins. Co.* 13 Blatchf. 462; *Franklin L. Ins. Co. v. Sefton,* 53 Ind. 380. In none of the cases in this court in which the construction of sec. 1977, R. S., was involved, was it held that that section in any manner pertained to the power and authority of agents who had a certificate from the commissioner of insurance. And neither that section nor sec. 5, ch. 240, Laws of 1880, can be construed as conferring upon authorized agents powers in excess of those which the company itself delegated and to which the assured agreed. If they should be so construed, the assured in this case has waived the provision of the statute, and cannot be heard to assert that the agent had other powers than those designated in his contract. *Caffery v. John Hancock M. L. Ins. Co.* 27 Fed. Rep. 25. The doctrine of the cases in which it is held that a local agent can waive any of the provisions of a policy which he has issued or delivered and received a premium upon, in no wise conflicts with that now contended for. In those cases the policies did not prohibit such waiver.

*L. H. Bancroft,* for the respondent, to the point that the agent might waive any of the conditions of the policy, cited *Miner v. Phœnix Ins. Co.* 27 Wis. 693, and cases cited; *Viele v. Germania Ins. Co.* 26 Iowa, 9; *Franklin v. Atlantic F. Ins. Co.* 42 Mo. 456; *Columbia Ins. Co. v. Cooper,* 50 Pa. St. 331; *N. E. F. & M. Ins. Co. v. Schettler,* 38 Ill. 166.

CASSODAY, J. The mere fact that the mortgage to Pease, mentioned in the policy, had been paid and discharged, did not authorize the plaintiff to place another mortgage running to a different party upon the premises insured, in violation of the conditions of the policy above mentioned. Such conditions in policies " are to secure risks in which

there shall be no motive for intentional or dishonest loss." *Redmon v. Phœnix F. Ins. Co.* 51 Wis. 301. True, the mortgage here is small, but to hold that the plaintiff had the right to put it upon the premises in contravention of the agreement, without jeopardizing the risk, would be to establish a rule which would authorize a large mortgage with the same impunity.

The question was submitted to the jury whether the plaintiff procured the consent of the local agent to the placing of that mortgage upon the premises, with the instruction that, if he did, it "would be a waiver of the company of this special clause in the policy." The jury necessarily found that the plaintiff did procure such consent, and hence that there was such waiver. It is urged that a local agent for an insurance company is an agent for such company for all purposes, under sec. 1977, R. S. Expressions may be found, when not limited by the facts of the particular case being considered, authorizing such an inference. But the authority of a decision is necessarily limited to the points decided. True, that section declares that "whoever" does one of the several things therein mentioned "shall be held an agent of such corporation to all intents and purposes;" but such agency, after all, is limited to the act of the particular person in doing one or more of the things thus specifically designated. In that sense "the word agent, whenever used" in ch. 89, R. S., is to "be construed to include all such persons." *Ibid.* In other words, whenever an insurance company authorizes any person to do any one of the things thus specified, it cannot disclaim the agency of such person in the doing of anything necessarily implied in the specific act thus authorized. Thus it has been frequently held, by this and other courts, in effect, that where a person was authorized by an insurance company to make a contract of insurance, he thereby had implied authority in doing so to waive stipulations as to the condition of the

property, or other facts *then* existing; and it may be as to subsequent conditions, if such waiver is made at the time of effecting the insurance.

But those cases have no bearing upon the question here presented. This contract of insurance was completed in all its terms, and binding upon both parties, June 10, 1885. The plaintiff accepted it with all its conditions and limitations. In the absence of any fraud or mistake, he was, on general principles, conclusively presumed to know its contents. *Herbst v. Lowe*, 65 Wis. 321; *Brown v. Mass. M. L. Ins. Co.* 59 N. H. 298. Thus it appears that the policy was "made and accepted" by the plaintiff with knowledge in law of its contents, "upon the above express conditions," to the effect that *no local agent*, at least, "can in any manner waive *either or any* of the conditions of this policy." With this policy in his possession, and more than nine months after the contract of insurance had been thus completed, the plaintiff, according to his testimony, requested the local agent to allow him permission, notwithstanding the conditions of the policy, to place the mortgage upon the premises, and claims that such agent answered: "It is all right; go ahead and make out the contract." In other words, it is claimed that, notwithstanding the conditions and limitations in the policy, it was nevertheless competent for the local agent, without the knowledge or consent of the defendant or any of its general officers, and without any consideration, and by mere words, to essentially change and modify the contract which had already been completed and binding upon the parties for more than nine months. Certainly, no such alteration of an existing contract, without the knowledge or consent of one of the parties to it, in any other business, would be permitted.

We must hold that where the assured has accepted a policy containing a clause prohibiting the waiver of any of its provisions by the local agent, he is bound by such inhibi-

tion, and that any subsequently attempted waiver, merely by virtue of such agency, is a nullity. This proposition seems to be supported by the weight as well as the logic of the adjudicated cases. *Merserau v. Phœnix Mut. L. Ins. Co.* 66 N. Y. 274; *Marvin v. Universal L. Ins. Co.* 85 N. Y. 278, 39 Am. Rep. 657; *O'Reilly v. Corporation London Assurance*, 101 N. Y. 575; *Kyte v. Comm. Union Ass. Co.* 144 Mass. 43; *McIntyre v. Mich. State Ins. Co.* 52 Mich. 188; *Cleaver v. Traders' Ins. Co.* 32 N. W. Rep. (Mich.), 660; *Bowlin v. Hekla F. Ins. Co.* 36 Minn. 433; *Shuggart v. Lycoming F. Ins. Co.* 55 Cal. 408; *Enos v. Sun Ins. Co.* 67 Cal. 621; *Leonard v. American Ins. Co.* 97 Ind. 299; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill. 516; *Universal M. F. Ins. Co. v. Weiss*, 106 Pa. St. 20; *Pottsville M. F. Ins. Co. v. M. S. Imp. Co.* 100 Pa. St. 137. Some of these cases go much further in favor of the insurance company than the proposition stated. By citing them, we are not to be regarded as committing ourselves to anything extraneous to the question here involved and decided.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See notes to this case in 35 N. W. Rep. 36, and 27 Am. L. Reg. 197.— REP.