| 43 | 15 |
|---|---|
| 43 | 504 |
| 43 | 15 |
| 45 | 758 |
| 43 | 15 |
| 065 | 377 |

THE BURLINGTON INSURANCE COMPANY, OF BURLINGTON, IOWA, v. ELLEN GIBBONS.

FIRE INSURANCE POLICY—*Vacant House—Loss—Facts Stated—No Recovery.*  An insurance against loss by fire was procured upon a house in the city of Paola through a local insurance agent who did not sign the policy and whose name was indorsed thereon only as a "solicitor," and who had no authority from his company except only as a "soliciting agent to transact business for said company having or keeping an office or principal place of business at Paola."   The house was to be occupied by the "owner or tenant," and in the policy was a provision that if the property insured should "become vacant, unoccupied, or uninhabited, . . . then, unless the consent of the secretary is indorsed thereon, . . . this policy is void."   Afterward the property did become vacant without the consent of any agent of the company except the local agent, who gave his oral consent that it might become and remain vacant for thirty days or any less time until the owner could procure a tenant; and after the property became vacant, and while it was thus vacant, and within nine days after it became vacant, it was totally destroyed by fire.  *Held,* That the assured cannot recover, as against the company, for the loss.

*Error from Miami District Court.*

ACTION to recover on a fire insurance policy. Judgment for the plaintiff *Gibbons*, on December 13, 1887. The defendant *Company* brings the case here. The material facts are stated in the opinion.

*Carroll & Sheldon*, for plaintiff in error.

*Brayman & Stevens*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a fire insurance policy brought in the district court of Miami county on March 7, 1887, by Ellen Gibbons, against the Burlington Insurance Company, of Burlington, Iowa, to recover $150 and interest from November 27, 1886, for an alleged loss of that amount occurring by fire at that date. The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendant on December 13, 1887, for $150 principal, and $10.97 interest, total $160.97; and to procure a reversal of this judgment the defendant, as plaintiff in error, brings the case to this court.

The facts of the case are substantially as follows: On December 1, 1885, the Burlington Insurance Company insured for five years and to the amount of $150, a house belonging to Sarah A. Bixby, in the city of Paola, in said county. The policy contained among others the following provisions:

"If there be any false representation, false swearing or fraud by the assured, either before or after a loss, or if there be any other insurance, now or hereafter, whether valid or not, on the property hereby insured, or any part thereof, or if the above-mentioned premises shall be occupied or used so as to increase the risk, or be or become vacant, unoccupied or uninhabited, or the risk be increased by the erection of adjacent buildings, or by any other means whatever, or if the property be sold or transferred or incumbered in whole or in part by mortgage, judgment or liens, or if this policy shall be assigned, either before or after a loss, or if the premium note or notes

or any part or installment thereof shall be over-due and un-paid, then unless the consent of the secretary is indorsed thereon in each and every one of the above cases this policy is void."

On August 4, 1886, Mrs. Bixby sold the aforesaid prop-erty and assigned the aforesaid policy to Minnie E. Shigley, and on the next day the insurance company, by its president, consented to the same. Afterward Minnie E. Shigley was married and became Minnie E. Stanley, and afterward her mother, Mrs. Ellen Gibbons, attended to her property and insurance for her. On November 18, 1886, the property be-came vacant; and with reference to this vacancy the principal question in this case arises, and we shall have more hereafter to say with respect thereto. On November 27, 1886, the property was totally destroyed by fire. On February 4, 1887, Mrs. Stanley sold and transferred all her interest in the fore-going policy and her claim thereon against the insurance com-pany to her mother, Mrs. Gibbons. The insurance company refusing to pay the loss, or any portion thereof, Mrs. Gibbons, on March 7, 1887, commenced this action against the insur-ance company as aforesaid. The defendant, (plaintiff in error,) as shown by the brief of its counsel, contends as fol-lows:

"The insurance company contends that at the time of the alleged loss, November 27, 1886, said policy of insurance, by the terms thereof, and by the acts of the holders thereof, had become null and void, and was then of no binding force or effect; and that the insurance company was not then and is not liable thereon in any sum whatever, for the reason that at the time of the alleged loss the dwelling-house covered by said policy of insurance was then, with the knowledge and consent of the then holder of said policy No. 186,102, and without the knowledge or consent of said insurance company, 'wholly vacant and unoccupied,' and had been so vacant and unoccupied for a number of days prior to November 27, 1886, contrary to and in violation of the terms of said policy and contract of insurance. And further, that if there was any liability on the part of the insurance company, which it ex-plicitly denies, that the damage to said dwelling-house was not $150, but was less than $100."

The plaintiff admits that at the time of the fire the property was *vacant, unoccupied, and uninhabited,* and also admits that *the consent of the secretary of the company had not been indorsed upon the policy, nor even given;* but it is contended by the plaintiff that the consent of the company to such vacancy had nevertheless been given, and that it was given by J. W. Morehead, the agent of the company who procured the policy, and who presumptively had full authority from the company to give such consent. The insurance company admits that Morehead was its agent, but claims that he was only a "soliciting agent to transact business for said company, having or keeping an office or principal place of business at Paola, in the county of Miami," as provided in a certain appointment on file in the office of the department of insurance, at Topeka, Kansas; and that he had no other or further authority, and no authority to consent to a vacancy of the property insured or to waive any of the terms or conditions of the insurance policy.

It appears that the defendant was an insurance company of Burlington, Iowa, that J. W. Morehead was its agent at Paola, Kansas, and that the insurance in this case was effected through Morehead's agency. The building insured was to be occupied, as the policy shows, by "owner or tenant." Under the evidence and findings of the court below it must be taken as a fact, although the evidence upon the subject was conflicting, that Morehead gave his oral consent about two weeks prior to the fire, that the property might be and remain vacant for a period of thirty days, or until a tenant could be procured, not exceeding that time. Morehead testified that he never gave any such consent, and Mrs. Gibbons testified that he did. The house had been in fact vacant only nine days when the fire occurred which destroyed it. Morehead's agency, as the evidence shows, was limited as the defendant contends, but it does not appear that Mrs. Bixby or Mrs. Stanley or Mrs. Gibbons ever had any knowledge or notice of any such limitations further than the policy itself may show. In fact we think they had a right to believe that the agency of Morehead was as comprehensive and extensive as

his acts in procuring the insurance would indicate, except as the policy itself may otherwise show. But just what he did in procuring the insurance is not shown. Everything with respect to that matter is left blank. His name is not even found in the policy, and is found on the back of the policy only as follows: "J. W. Morehead, Solicitor." The policy appears to have been signed by "John G. Miller, President," and by "Jacob Allen, Sec'y *pro tem.*" Whether these names were printed on the policy or written thereon we do not know, and whether they were placed thereon while the policy was in blank form and before the blank was sent to Morehead, or whether the blank was first filled up by Morehead or some one else and the signatures afterward placed thereon, we cannot tell. The copy brought to this court has the name of the president, Miller, printed thereon, but the name of the secretary *pro tem.* is written. Of course the judge of the court below who saw the original policy could know better with regard to all these matters than we can; and hence all presumptions from absence or silence in these respects we shall construe in favor of the plaintiff's right to recover upon the policy. But these presumptions relate only to absence or silence; for what is shown affirmatively by the policy, or contained in the policy, we must give full force and effect to, unless the same is shown affirmatively to have been waived by the consent of the parties. It has generally been held that where a person, in procuring an insurance upon his property, acts in good faith and without any knowledge of any limitations upon the authority of the agent of the insurance company effecting the insurance, such person may assume that the agent is a general agent of the insurance company for that purpose; that he stands in the place of the company, and that the company will be bound by any terms or conditions, or any waiver of terms or conditions, which the agent may agree to while acting for the company in consummating the insurance. But we do not understand that this rule applies where the insurance policy has already been executed and delivered to the assured, where it has already gone into full force and ef-

fect, and where it itself gives notice upon its face of limitations upon the authority of the local agent or agents of the company, or upon all agents except some particular agent or agents.  In such cases we understand that the assured will be presumed to take notice of such limitations from the face of his policy, and will as a general rule be bound by them. (*Fire Ins. Co. v. Davenport,* 37 Mich. 609; *Cleaver v. Traders' Ins. Co.,* 65 id. 527; same case, 32 N. W. Rep. 660; *Hankins v. Rockford Ins. Co.,* 70 Wis. 1; same case, 35 N. W. Rep. 34, 36, and note; *Enos v. Sun Ins. Co.,* 67 Cal. 621; same case, 8 Pac. Rep. 379; *Hale v. Fire Ins. Co.,* 6 Gray, 169; *Kyte v. Assurance Co.,* 144 Mass. 43; *Healey v. Fire Ins. Co.,* 5 Nev. 268; *Mitchell v. Mutual Ins. Co.,* 51 Pa. St. 402; *Fire Ins. Co. v. Conover,* 98 id. 384; *Fire Ins. Co. v. Weiss,* 106 id. 20; *Wilson v. Mutual Ins. Co.,* 14 N. Y. 418; *Marvin v. Life Ins. Co.,* 85 id. 278; *Underwriters' Agency v. Sutherlin,* 55 Ga. 266.)  Where the agent has the authority only to solicit insurance or to effect or bring about the same, or to issue the policy of insurance, and has no authority to afterward change or waive any of its terms or conditions, any attempted change or waiver by him after the policy has been issued will generally be held to be void; and, in the absence of any showing to the contrary, it will generally be presumed that the assured, or any person claiming under him, had knowledge of all the terms and conditions of the policy.  In the present case it is provided in the policy and by its terms, among other things, that if the property insured shall "become vacant, unoccupied or uninhabited, . . . then unless the consent of the secretary is indorsed thereon . . . this policy is void;" and as nothing has been shown to the contrary in this case, it must be presumed that Mrs. Bixby, Mrs. Stanley, and Mrs. Gibbons had knowledge of these provisions.  And yet they may not have had any such knowledge.  These provisions, along with many other provisions tending to render the policy void upon certain conditions, were contained in a paragraph of the policy containing over seven hundred words, all printed in small letters, and covered over by the words "indemnity

bond," printed in large letters. The law ought to be such that provisions printed in an insurance policy in such a covert, hidden and obscure manner should be held to be absolutely void, unless it should first appear affirmatively that the assured had actual knowledge of such provisions.

In the case of *Fire Ins. Co. v. Davenport*, 37 Mich. 609, it was held that the insurance agent who issued the policy had no power to waive a clause contained in the policy, that the insurance should be void if the property should become vacant. To the same effect, and perhaps a stronger case, where the property was occupied by a tenant, is the case of *Harrison v. Fire Ins. Co.*, 9 Allen, 231. And with respect to vacancies generally rendering insurance policies void where the property is occupied by tenants, see the following cases: *Corrigan v. Fire Ins. Co.*, 122 Mass. 298; *Sleeper v. Fire Ins. Co.*, 56 N. H. 401; *Dennison v. Phœnix Ins. Co.*, 52 Iowa, 457; *Fitchpatrick v. Hawkeye Ins. Co.*, 53 id. 335; *Ætna Ins. Co. v. Meyers*, 63 Ind. 238; *Ins. Co. v. Wells*, 42 Ohio St. 519; *Am. Ins. Co. v. Padfield*, 78 Ill. 167. See also the following cases as having some application to this case: *Wustum v. Fire Ins. Co.*, 15 Wis. 138; *Cook v. Ins. Co.*, 70 Mo. 610; *Ashworth v. Builders' Ins. Co.*, 112 Mass. 422; *Meadows v. Hawkeye Ins. Co.*, 62 Iowa, 387; *Bartholomew v. Merchants' Ins. Co.*, 25 id. 507; *Merserau v. Life Ins. Co.*, 66 N. Y. 274.

Fire insurance; vacant house; loss; no recovery. From the facts of this case as they now appear to this court, the plaintiff cannot recover, and therefore the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.