NORTHERN ASSUR. CO. OF LONDON v. GRAND VIEW BLDG. ASS'N.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1900.)

No. 1,248.

1. INSURANCE—ESTOPPEL TO AVOID POLICY FOR BREACH OF CONDITION—KNOWLEDGE OF AGENT.

An insurance company is estopped to avoid a policy on the ground of the breach of a condition therein against concurrent insurance, unless with the consent of the company, indorsed in writing on the policy, where it appears that when its agent, who had authority to issue or withhold the policy, delivered the same, and collected the premium thereon, he knew of the existence of the other insurance, which, if at all, rendered the policy void from the moment of its delivery.

2. SAME.

When an insurance company delivers a policy, and accepts the premium thereon, it is presumed that its intention is to make a contract which, in the light of all the facts then known to it, will afford indemnity; and it is beyond its power, by any provision which it may insert in the policy, to overcome the force of that presumption, or to avoid the effect of acts or declarations which, from an equitable standpoint, are sufficient to create an estoppel in pais.

Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Nebraska.

, Ralph W. Breckenridge (Charles J. Greene, on the brief), for plaintiff in error.

Halleck F. Rose, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The general question which arises in this case is whether an insurance company should be permitted to take advantage of a condition contained in one of its policies to avoid the payment of a loss that has been sustained thereunder, when it appears that the fact rendering the policy void, by the terms of the condition which is pleaded as a defense, was an existent fact, known to the insurer at the time it issued its policy and accepted the premium, which for that reason rendered the policy void, if at all, from the moment it was delivered. The question arises in this way: The Northern Assurance Company of London, England, the plaintiff in error, insured certain household and kitchen furniture belonging to the Grand View Building Association, the defendant in error, that was situated in a certain building in the city of Lincoln, Neb. The policy which it issued contained the following provisions:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, whether valid or not, on property covered, in whole or in part, by this policy. This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached."

At the time the policy in suit was executed the insured property was covered to the amount of $1,500 by a policy issued by the Firemen's Fund Insurance Company. A jury found that an agent of the plaintiff in error by the name of A. D. Borgelt, who had authority to make contracts of insurance in its behalf, and to countersign and issue its policies and collect premiums thereon, and who solicited the policy in suit, had knowledge of the existence of the policy issued by the Firemen's Fund Insurance Company at the time he issued the policy in suit, but no indorsement appears to have been made upon the policy in suit relative to the existence of the prior policy. A fire having occurred by which the insured property was totally destroyed, and an action having been brought against the plaintiff in error, which was the defendant below, to recover the amount of the loss, it pleaded the aforesaid provisions of its policy, and the existence of the prior insurance as a defense to the action. The verdict below was special, and on the state of facts heretofore recited, which were either found by the jury or disclosed by the record, the trial court rendered a judgment against the insurer, which it seeks to reverse.

The general question stated at the outset of this opinion has been

answered in the negative in many well-considered decisions. It was so answered by this court in Insurance Co. v. Norwood, 32 U. S. App. 490, 16 C. C. A. 136, 69 Fed. 71, and the same conclusion has been reached in other circuits. Thus, in the case of Insurance Co. v. Fischer, 34 C. C. A. 503, 92 Fed. 500 (decided by the circuit court of appeals of the Sixth circuit), it was said to be "well settled in the law of fire insurance that the insurer is estopped to plead as a defense the breach of conditions against other insurance or incumbrances, without the consent of the company in writing on the face of the policy, if it appears that when the agent of the company, with authority to deliver or withhold policies, delivered the policy in question he then knew of the existence of the other insurance or the incumbrance." The same doctrine was enforced by the circuit court of appeals for the Ninth circuit in the case of McElroy v. Assurance Co., 36 C. C. A. 615, 94 Fed. 990, wherein it appeared that an agent of an insurance company had issued a policy with knowledge of an existing incumbrance on the insured property, and had failed to indorse the fact on the policy, although it contained a provision, in substance, that it should be void if there was a mortgage on the property, unless the consent of the insurer thereto was shown by a written indorsement on its policy. It was also held by the circuit court of appeals for the Fourth circuit in the case of Glover v. Insurance Co., 30 C. C. A. 95, 85 Fed. 125, that the fact that the insured property was erroneously described as a "dwelling house" when it should have been described as a "Keeley Institute," which would have rendered it a more hazardous risk, would not avail the insurer as a defense to its policy when a loss had occurred, it appearing that the agent of the insurance company had knowledge of the misdescription when he solicited the risk and issued the policy. And in Putnam v. Insurance Co. (C. C.) 4 Fed. 753, Judge Blatchford held, after a careful review of the authorities, that an insurance company could not take advantage of a provision in its policy rendering it void if there was other concurrent insurance not indorsed thereon, when it was proven that its soliciting agent had knowledge of existing insurance on the insured property to the amount of $6,000 at the time he issued its policy, and only indorsed thereon permission to carry other concurrent insurance to the amount of $3,000.

The point now under consideration has been adjudicated so frequently that it is doubtless unnecessary to do more than refer to the cases already mentioned and the authorities therein cited. We will call attention, however, to the fact that the doctrine as heretofore stated has the approval of the supreme court of the state of Nebraska, from which state this case comes, and is also stated and re-enforced by numerous citations by the leading text writers on the law of insurance. Insurance Co. v. Hammang, 44 Neb. 566, 62 N. W. 883; Joyce, Ins. § 515; Ostr. Ins. § 243; May, Ins. (2d Ed.) § 497. The doctrine in question rests upon the ground that facts made known to the agent of an insurance company, who is empowered by it to solicit insurance, countersign and issue policies, and collect premiums, is the knowledge of his principal, and that a fraud would be perpetrated if an insurance company, through the medium of its agents, was al-

lowed to deliver one of its policies, and accept the premium thereon, with knowledge of facts which under its provisions rendered it void ab initio. To prevent the perpetration of such frauds, the courts have very generally held the insurer estopped from taking advantage of a condition or conditions found in one of its issued policies which, in the light of known facts, rendered the same void from the time of its delivery, or they have indulged in the charitable presumption that the insurer intended to waive the benefit of such a provision, or that, through accident or mistake, it failed to modify the condition before the delivery of its policy, as it intended to do, so as to render it valid.

It is contended, however, in behalf of the insurer, that, by virtue of the conditions of its policy above quoted, the rule of law heretofore stated is inapplicable to the case in hand. It is said, in substance, that no provision of its policy, as printed and delivered to the insured, can be denied its legitimate force and effect, except by virtue of a written indorsement on the policy; that the insurance company has effectually deprived itself of the power to waive any of the conditions of its policy except by a written indorsement thereon; and that it has succeeded in framing a contract which is wholly exempt from the equitable doctrine of estoppel and waiver. This court decided, however, in Insurance Co. v. Norwood, 32 U. S. App. 490, 499, 16 C. C. A. 140, 69 Fed. 71, 75, that "parties to contracts cannot disable themselves from making a contract allowed by law in any mode in which the law allows contracts to be made," and that "a written contract may be changed by parol, and a parol one changed by a writing, despite any provision in the contract to the contrary"; and the law to that effect is, as we think, well established by the authorities there cited, as well as by other authorities that are referred to in Farnum v. Insurance Co., 83 Cal. 246, 261, 23 Pac. 869. It has also been held that such clauses as those that are relied upon by the insurer to deprive itself of the power to contract otherwise than by some writing should be given effect, if at all, as they respect such modifications of a policy as are made, or attempted to be made, after it has been delivered and taken effect as a valid instrument, and that they should not be considered as having relation to acts done by the company or its agents at the inception of the contract which are sufficient, notwithstanding provisions that it may contain, to render it valid through the operation of the doctrine of estoppel or waiver. Walsh v. Insurance Co., 73 N. Y. 5, 11; Woodruff v. Insurance Co., 83 N. Y. 134, 141; Insurance Co. v. Robison, 19 U. S. App. 266, 274, 7 C. C. A. 444, 58 Fed. 723, 728, 22 L. R. A. 325. When an insurance company delivers a policy and accepts the premium thereon, it is presumed that its intention is to make a contract which, in the light of all facts then known to it, will afford indemnity, and it is beyond its power, by any provision that may be found in its policy, to overcome the force of that presumption, or to avoid the effect of acts or declarations which from an equitable standpoint are sufficient to raise an estoppel in pais. Thus, in the case of Wood v. Insurance Co., 149 N. Y. 382, 44 N. E. 80, it appeared that an agent of the insurance company issued a policy with knowledge of a fact which under its terms rendered it void ab initio; but notwithstanding the fact

that the policy in suit was a standard policy, which contained conditions similar to those that are invoked in the case at bar, it was held that the condition under which the forfeiture was asserted must be regarded as having been waived, as otherwise the insurer would be put in the attitude of accepting a premium for a policy which was known at the time to be of no force and effect. The court said, in substance, that it had long been settled that general agents of an insurance company may waive stipulations and provisions contained in a policy with respect to the conditions upon which it shall have inception and go into operation as a contract, by delivering it with knowledge of all the facts and receiving the premium. A similar ruling was made in Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159, where a policy was issued by the agent of an insurance company with knowledge of the existence of an incumbrance on the insured property, which fact was not indorsed in writing on the policy, as it should have been, by the terms thereof, to render it operative. The policy in that case contained a provision to the effect that no officer, agent, or other representative of the company should have power to waive any condition or provision thereof, except such as might by the terms of the policy be indorsed thereon or added thereto, and that no such officer or agent should be deemed to have waived any provision of the policy unless the waiver was written thereon. Nevertheless, it was ruled that the insurance company had either waived the condition rendering the policy void, or was estopped by the conduct of its agent from pleading the condition and the existence of the incumbrance as a defense. And in the case of Farnum v. Insurance Co., 83 Cal. 246, 259, 23 Pac. 869, it was also held, in substance, that an insurance company was estopped from denying that one of its policies had taken effect, when it appeared that it had been delivered by one of its agents, who had power to deliver policies, and who had extended credit for the premium by an oral agreement, although the policy contained a provision that the company should not be liable thereon until the premium was paid, and a further provision that nothing less than a specific agreement indorsed on the policy should operate as a waiver of any of its provisions.

We are of opinion, therefore, that the delivery by the agent of the insurance company of the policy in suit, with knowledge at the time of the existence of the prior insurance, estops the insurer from pleading the prior insurance as a defense. Its agent by whom the delivery of the policy was made had power to deliver it and collect the premium, and to receive notice of any existing insurance. In doing these acts he was for the time being the company, and no obligation rested on the insured to insist that the existence of the outstanding insurance should be indorsed on the policy in suit if the insurer, with knowledge of its existence, did not elect to do so, but delivered the contract without such indorsement. He had the right to assume, because of the delivery of the policy under the circumstances aforesaid, that the insurer had determined to accept the risk, notwithstanding the other insurance.

The point seems to be made in the brief that the plaintiff below, in its petition and reply, pleaded a waiver, and that the judgment

101 F.—6

below cannot be supported, because it is founded on estoppel. With reference to this suggestion, it is only necessary to say that the plaintiff pleaded the facts and circumstances under which the policy was issued, and the knowledge possessed by the insurer at the time, substantially as hereinbefore set forth, and, in view thereof, alleged that the defendant company had not only waived the provision of its policy on which it relied as a defense, but was also estopped from asserting it. We perceive no error in this method of pleading, nor was any exception taken thereto in the trial court. Judgment below is accordingly affirmed.

SANBORN, Circuit Judge (dissenting). The question which this case presents has long been the subject of conflicting decisions. In Carpenter v. Insurance Co., 16 Pet. 495, 496, 511, 10 L. Ed. 496, 510, the policy contained this stipulation: "And provided, further, that in case the insured shall have already any other insurance on the property hereby insured, not notified to this corporation, and mentioned in or indorsed upon the policy, then this insurance shall be void and of no effect." There was other insurance upon the property at the time this policy was issued. Mr. Justice Story expressed the unanimous opinion of the supreme court upon the question in controversy in this case in these words:

"The third instruction prayed the court to instruct the jury that if the Washington Insurance Company had notice, in fact, of the existence of the policy in the American office, that 'was, in law, a compliance with the terms of the policy.' The court refused to give the instruction as prayed; but instructed the jury that at law. whatever might be the case in equity, mere parol notice of such insurance was not, of itself, sufficient to comply with the requirements of the policy declared on, but that it was necessary, in case of any such prior policy, that the same should not only be notified to the company, but should be mentioned in or indorsed upon the policy; otherwise, the insurance was to be void and of no effect. We think this instruction was perfectly correct. It merely expresses the very language and sense of the stipulation of the policy, and it can never be properly said that the stipulation in the policy is complied with, when there has been no such mention or indorsement as it positively requires, and without which it declares the policy shall henceforth be void and of no effect."

This decision was rendered in 1842, has never been overruled, and in 1897 the circuit court of appeals for the Seventh circuit reached the same conclusion. Union Nat. Bank of Oshkosh v. German Ins. Co., 34 U. S. App. 397, 402, 18 C. C. A. 203, 206, 71 Fed. 473, 476; Insurance Co. v. Thomas, 53 U. S. App. 517, 521, 27 C. C. A. 42, 44, 82 Fed. 406, 408.

A careful reading of the cases upon both sides of the question has forced my mind to the conclusion that the supreme court and the circuit court of appeals for the Seventh circuit are right, and for the following reasons:

1. If the solicitor of this company had had unlimited power to act for it, had known of the prior insurance, and had made a parol agreement or representation before or at the time of the delivery of the policy that the policy should be valid without the indorsement of the permission to carry the prior insurance, that agreement or representation would have been futile, and the written stipulation that

the policy was void without the indorsement would have prevailed over the parol contract, under the familiar rule that all prior and contemporaneous oral negotiations are merged in the written agreement. Since the decision in Insurance Co. v. Norwood, to which the writer has never assented, this court has frequently held that no representation, promise, or agreement made, or opinion expressed, in the previous parol negotiations as to the terms or legal effect of the resulting written agreement, can be permitted to prevail over the plain provisions and just interpretation of the written contract. Insurance Co. v. Henderson, 32 U. S. App. 536, 540, 543, 547, 16 C. C. A. 390, 391, 393, 395, 69 Fed. 762, 764, 766; Insurance Co. v. McMaster, 57 U. S. App. 638, 648–652, 30 C. C. A. 532, 538–540, 87 Fed. 63, 69–72; Insurance Co. v. Mowry, 96 U. S. 544, 547, 24 L. Ed. 674; Assurance Co. v. Norwood, 57 Kan. 610, 611, 613, 47 Pac. 529, 530, 532; Association v. Kryder, 5 Ind. App. 430, 435, 31 N. E. 851; Union Nat. Bank of Oshkosh v. German Ins. Co., 34 U. S. App. 397, 18 C. C. A. 203, 71 Fed. 473; Casualty Co. v. Teter, 136 Ind. 672, 673, 676, 679, 36 N. E. 283; Burt v. Bowles, 69 Ind. 1; Clodfelter v. Hulett, 72 Ind. 137; Hudson Canal Co. v. Pennsylvania Canal Co., 8 Wall. 276, 290, 19 L. Ed. 349; Insurance Co. v. Lyman, 15 Wall. 664, 21 L. Ed. 246; Pearson v. Carson, 69 Mo. 550; Insurance Co. v. Neiberger, 74 Mo. 167; Lewis v. Insurance Co., 39 Conn. 100. As a prior or contemporaneous oral agreement that the policy should be valid without the indorsement of the prior insurance could not avoid the written stipulation that it should be void, much less would the mere knowledge of both parties that the prior insurance existed without any agreement concerning it have that effect.

Moreover, this stipulation of the policy is a wise and salutary one, and it ought to be enforced. Its purpose is to prevent fraud and perjury by reducing to writing the entire agreement of the parties relative to the amount of indemnity upon the property insured, and, if enforced, it admirably accomplishes that object. A refusal to enforce it or any evasion of it throws wide the door to fraud and perjury, and practically deprives the insurance companies of their right to contract for a limitation of the amount of insurance on the property; for, if that limitation may be avoided by testimony that some agent knew of the existence of other insurance which was not indorsed, the temptation to find such testimony will often be great, and there is no way in which the companies can protect themselves against its discovery. "A company which has seen fit to prescribe that the terms and conditions of its policy shall only be waived by its written or printed assent has prescribed only a reasonable rule to guard against the uncertainties of oral evidence, and by this the insured has assented to be bound." Kyte v. Assurance Co., 144 Mass. 43, 46, 10 N. E. 518; Hale v. Insurance Co., 6 Gray, 169; Worcester Bank v. Hartford Fire Ins. Co., 11 Cush. 265.

2. The solicitor of the insurance company had no authority by oral agreement, by knowledge, by waiver, by estoppel, or in any other way, to make a valid contract of insurance here, without the indorsement upon the policy of the permission to carry the prior insurance; and the insured knew that he had no such authority when it took

its policy. It is an established principle of the law of agency that a principal may limit the powers of his agent, and that all parties who deal with the agent with knowledge of the limitation are bound by it. The insurance company had the right, under this rule, to limit the power of its solicitor to consent to other insurance to a written consent indorsed on the policy, and it had the right to limit his power to deliver valid policies to those upon which all other existing insurance was indorsed in writing. The company made these limitations upon the powers of this solicitor by the express terms of its policy, and the insured, by accepting the policy, was not only charged with knowledge of the existence of these limitations, but it expressly agreed to their terms and their effect. It was beyond the power of the solicitor to deliver any valid policy upon which the concurrent insurance was not indorsed, and the insured knew it, and agreed that any policy he should so deliver should be void when it received it. This policy was of that character, and was consequently void. "When a policy permits an agent to exercise a specified authority, but prescribes that the company shall not be bound unless the execution of the power shall be evidenced by a written indorsement on the policy, the condition is of the essence of the authority, and the consent or act of the agent not so indorsed is void." Quinlan v. Insurance Co., 133 N. Y. 356, 364, 31 N. E. 33; Walsh v. Insurance Co., 73 N. Y. 5, 10; Marvin v. Insurance Co., 85 N. Y. 278, 283; Moore v. Insurance Co., 141 N. Y. 219, 224, 36 N. E. 191; Kyte v. Assurance Co., 144 Mass. 43, 46, 10 N. E. 518; Ruthven v. Insurance Co. (Iowa) 60 N. W. 663, 666; Insurance Co. v. Gibbons, 43 Kan. 15, 22 Pac. 1010; Cleaver v. Insurance Co. (Mich.) 39 N. W. 571; Weidert v. Insurance Co. (Or.) 24 Pac. 242; Smith v. Insurance Co. (Vt.) 15 Atl. 353, 1 L. R. A. 216; Hankins v. Insurance Co. (Wis.) 35 N. W. 34; Gould v. Insurance Co. (Mich.) 51 N. W. 455; Clevenger v. Insurance Co. (Dak.) 3 N. W. 313; Enos v. Insurance Co. (Cal.) 8 Pac. 379; Gladding v. Association, 66 Cal. 6, 4 Pac. 764; Insurance Co. v. Mize (Tex. Civ. App.) 34 S. W. 670. "When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy, or to dispense with the performance of any essential requisite contained therein either by parol or writing, and the holder of the policy is estopped, by accepting the policy, from setting up or relying upon powers of the agent in opposition to limitations and restrictions in the policy." Cleaver v. Insurance Co., 65 Mich. 527, 32 N. W. 660, 663.

3. No fraud was perpetrated on the insured in this case, for there could have been no fraud without deceit, and the insured was not deceived. It knew that there was other insurance upon the property, and it knew that the solicitor of the company had no power to deliver a valid policy unless the concurrent insurance was indorsed upon it, and it agreed with the company that any policy which this solicitor should deliver should be void if the concurrent insurance was not indorsed. The insured was therefore neither deceived nor defrauded. It is the insurance company that was deceived, and the

insurance company that is defrauded, if it is compelled to pay this indemnity. Its agent, acting without authority, and the insured, who knew he had no authority, make a void contract, and agree that it shall be void, and then by the plea of a waiver that was never intended, and an estoppel that did not exist, seek to charge the company with the penalty of their conspiracy or carelessness.

There seems to me to be no ground for a waiver by, or an estoppel of, the insurance company in this case, for several reasons: (1) Because the company expressly limited the power of its solicitor to make waivers or work estoppels of the character here invoked to those made in writing by indorsement upon the policy, and it brought notice of this limitation home to the insured by an express stipulation in the policy, which the insured accepted. (2) Because an indispensable element of an estoppel is some act, statement, or representation which tends to deceive the insured, and thereby induces it to adopt a course of action or a state of inaction that it would not otherwise have taken, and this case contains no such element. The insured knew that there was other insurance. It knew that it was not indorsed upon the policy. It knew that the solicitor had no power to deliver a valid policy without such an indorsement, and it knew that it agreed that, without this indorsement, its policy should be void; for all these things were written in the contract, and the insured was charged with knowledge of its contents. (3) Because there can be no waiver without an intent to waive, and no intent to waive can be deduced or inferred from the mere fact of knowledge, in the face of an express written stipulation to the contrary, made and delivered at the time. (4) Because no estoppel or waiver based on acts or knowledge prior to, or contemporaneous with, the making of an express written agreement on the subject, can prevail over the express terms of that contract, which as conclusively merges and supersedes all prior and contemporaneous negotiations and understandings by estoppel and by waiver as by words. Insurance Co. v. Mowry, 96 U. S. 547, 548, 24 L. Ed. 674; Insurance Co. v. Thomas, 27 C. C. A. 42, 82 Fed. 409. In my opinion, the judgment below should be reversed, and judgment should be entered for the insurance company.