THE PISCATAUQUA SAVINGS BANK v. THE TRADERS' INSURANCE COMPANY OF CHICAGO, ILLINOIS.

#### No. 488.

1. INSTRUCTIONS *Examined.* Instructions examined, and *held,* that the court did not err in refusing or in giving instructions.

2. FIRE INSURANCE— *Vacancy of Building,—Non-liability of Company.* Where a policy of insurance contains the provision: "If the building . . . become vacant or unoccupied for more than ten days, . . . then and in every such case this policy shall, without the written consent of this company thereto indorsed thereon, become absolutely void," in such case, if the property became vacant, and remained vacant and unoccupied for a period of seventeen days immediately preceding its loss by fire, without the consent of the insurance company, such provision exempts the insurance company from liability.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed December 15, 1898. Affirmed.

*Cook & Gossett,* for plaintiff in error.

*Fyke, Yates & Fyke,* and *Scroggs & McFadden,* for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This was an action on a policy of insurance issued by the defendant company on the 2d

day of December, 1893, insuring the plaintiff for a term of three years against loss by fire on a dwelling-house in Kansas City. The plaintiff alleged the issuance and delivery of the policy of insurance and the destruction of the property by fire; that the plaintiff gave immediate notice of the loss to the defendant insurance company; that the defendant, by its duly authorized general agent, M. E. Lease, denied its liability for the loss for reasons other than a want of notice and proofs of loss; and that the defendant waived the giving of written notice of the loss and proofs of loss as required by the terms of the policy; and the plaintiff prayed judgment for $1500, with interest and costs of suit:

The defendant insurance company filed an answer: (1) A general denial; (2) admitting the execution and delivery of the policy; (3) alleging that the policy provided that "if the building become vacant or unoccupied for more than ten days . . . before a loss, then and in every such case this entire policy shall . . . become absolutely void," and alleging that more than ten days before the destruction of the property by fire the building became vacant and unoccupied and so remained until it was destroyed, without the knowledge or consent of the company, and that the policy thereby became void; (4) alleging that by the provisions of the policy the plaintiff was required to deliver to the defendant company verified proofs of loss, duly certified by a magistrate, within thirty days after loss, and denying that such proofs so certified had been furnished. The company therefore denied its liability. The plaintiff's reply was a general denial. A trial was had before the court and a jury, which resulted in a verdict for defendant. The plaintiff filed a motion for a new trial,

which was overruled, and presents the case to this court for review.

The plaintiff in error sets out eighteen formal assignments of error. · The issuance and delivery of the policy of insurance were admitted in the answer. The defendant admitted at the trial that the building was totally destroyed by fire on the 14th day of December, 1895; that defendant had notice of the loss, and that M. E. Lease was the adjuster for the defendant company. The only defense presented was that the building insured had become vacant and unoccupied and so remained for a period of more than ten days prior to its destruction, without the knowledge or consent of the insurance company.

The assignments of error, from 1 to 7, inclusive, are without merit. We will say, however, that the court erred in admitting in evidence a receipt offered by the defendant for the purpose of showing the date on which Richards, the last occupant of the premises destroyed, leased a residence property of Whipple & Co. The receipt was not competent for that purpose. The whole matter of the Richards-Whipple & Co. lease, including the date, were foreign to any issue presented in the case. This error could in no way affect the rights of the plaintiff.

The assignments of error, 8 to 13 inclusive, relate to the refusal of the trial court to give certain instructions, six in number, requested by plaintiff. The first instruction requested, of which complaint is made, does not embody any principle of law applicable to the case. The second, third and fourth relate wholly to the question of waiver of proofs of loss. These instructions were entirely eliminated by the admissions of the defendant and by the instructions of the court. The court instructed the jury "that the defendant admits the execution and delivery of the

policy of insurance as alleged by the plaintiff, that the building was totally destroyed by fire, and notice thereof to defendant as alleged by the plaintiff.'' The fifth and sixth were given, so far as applicable, in the general charge of the court. The instructions requested were properly refused.

The eighteenth assignment of error is that the trial court erred in overruling the plaintiff's motion for a new trial. The policy of insurance contained the following provision : '' If the building  .  .  .  become vacant or unoccupied for more than ten days,  .  .  . then and in every such case this policy shall, without the written consent of this company ˙thereto indorsed thereon, become absolutely void.'' The testimony was conflicting as to the exact date that the property became vacant and unoccupied, but the jury found that it was vacant on November 25, 1895, seventeen days before the loss occurred. This finding of the jury is supported by the evidence. There is no evidence tending to show that the vacancy was consented to by the insurance company. This condition of the policy is valid and binding on the plaintiff. The fact of the property remaining vacant and unoccupied for a period of more than ten days next prior to the loss, without the consent of the insurance company, exempts the defendant company from liability. ( Beach, Ins., § 722 ; *Insurance Co. v. Gibbons*, 43 Kan. 15, 22 Pac. 1010.) There was no defense made or attempted to be made on the ground that '' notice in writing of said loss '' was not given. The defendant expressly admitted that it had notice that the loss occurred, and the court so instructed the jury. There were no errors of law committed at the trial prejudicial to the rights of the plaintiff in error. The motion for a new trial was properly overruled.

The judgment is affirmed.