## THE STATE VS. FARMER.

*May 11 — May 27, 1880.*

*(1)* FOREIGN INSURANCE COMPANY: *Unlawful agency and solicitation.*
*(2) Court and jury. Reversal of judgment.*

1. Defendant, a member of a firm of insurance brokers, resident in Chicago, being in this state, represented himself to one M., a citizen of this state owning property therein, as an insurance broker, and disclaimed being an agent for any company, but produced to M. a list of insurance companies, and agreed to place a large amount of insurance upon M.'s said property in responsible companies at a stipulated premium. Afterward M. paid said firm the premium, and they obtained and delivered to M. policies of insurance as agreed, for various amounts, in eighteen of the companies named in said list, and received from said companies their commissions. No selection was made by M. of the companies in which the insurance should be placed. At the time of soliciting and obtaining such insurance, defendant had not procured any authority from the secretary of state of this state so to do for any one of said eighteen companies. *Held,*

    (1) That in soliciting such insurance defendant acted as an *agent* of each of said eighteen companies, within the meaning of secs. 1 and 3, ch. 13 of 1871.

    (2) That although defendant solicited for all of said companies at the same time, the solicitation in behalf of each was a separate offense, subjecting him in each case to the penalty prescribed by section 5 of the above named statute.

2. Whether it is for the court or for the jury to fix the penalty, is not determined; but where the penalty was fixed by the court at the lowest amount permitted by the statute, the error, if any, not being prejudicial to the defendant, will not reverse the judgment on his appeal.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover penalties imposed by chapter 13, Laws of 1871, entitled "An act to protect the public against unauthorized insurance agents."

The complaint contains eighteen counts or causes of action, in each of which it is charged that at the city of Fond du Lac, in this state, on the 26th day of May, 1876, the defendant

did, as the agent of a certain insurance company therein named, "and in behalf of the said company, and for a commission, compensation and consideration received by him for so doing, solicit and effect an insurance in said company, and placed a risk therein for B. F. Moore on his building, machinery and stock in the same, known as the La Belle Wagon Works, and situated at Fond du Lac aforesaid, without first procuring a certificate of authority from the secretary of state of this state so to do, for the said insurance company; and did, on the said day, act and aid in transacting business of insurance of and with the said insurance company in effecting the said insurance above set forth, and in placing the said risk." Each count also contains proper averments to show that the defendant had no certificate from the secretary of state authorizing him to act as an insurance agent, as required by the statute. The answer is a general denial.

The uncontradicted testimony on the trial proved the following facts: The defendant was a member of the firm of Lull & Farmer, who were insurance brokers, having their office and place of business in Chicago. About the time specified in the complaint, in the city of Fond du Lac, the defendant solicited insurance of Mr. Moore on his property in that city. He represented himself to be an insurance broker, and disclaimed being an agent for any insurance company. At the same time he produced to Mr. Moore a list of insurance companies, which included those named in the complaint. The defendant then and there agreed with Mr. Moore to place $50,000 insurance for him on his Fond du Lac property in responsible companies, at a stipulated premium. Afterwards Mr. Moore paid the firm the premium, and the firm obtained and delivered to him policies of insurance as agreed, for various amounts, in the eighteen companies named in the complaint. These companies were not selected by Mr. Moore, and no selection of companies was made in the interview between him and the defendant at Fond du Lac. The defend-

ant testified that he got the usual brokerage for his services, and that his firm received their commissions for such insurance from the companies.

The court directed the jury to return a verdict for the plaintiff, and to assess damages at $900, which was done. A motion for a new trial was denied, and judgment entered pursuant to the verdict; and the defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *Gabe Bouck.*

For the respondent there was a brief by *The Attorney General,* and oral argument by *H. W. Chynoweth,* Assistant Attorney General.

LYON, J. The action is brought under chapter 13, Laws of 1871, which was in force when the alleged cause of action arose; and unless the judgment for the state can be sustained under the provisions of that chapter, it must be reversed. The provisions of that act, affecting this case, are as follows:

" Section 1. Whoëver solicits insurance on behalf of any fire, marine, inland, life or accident insurance company, or transmits for any person other than himself an application for insurance, or a policy of insurance, to or from said company, or advertises that he will receive or transmit the same, shall be held to be an agent of the company to all intents and purposes, unless it can be shown that he receives no commission or other compensation or consideration for such service.

" Sec. 3. No officer, agent or sub-agent of any insurance company shall act or aid in any manner in transacting the business of insurance of or with such company, of placing risks, or effecting insurance therein, without first procuring from the secretary of state a certificate of authority so to do for each company for which he proposes to act, which shall state in substance that such company is duly authorized to do business in this state under the laws thereof, and that such agent or

other person has duly complied with the laws relating to the agents of such companies. * * * *

"Sec. 5. Whoever violates the provisions of this chapter, shall be punished by a fine not exceeding $500, nor less than $50, for each offense."

Manifestly, if the defendant was the agent of the several insurance companies named in the complaint, in which he or his firm placed the insurance obtained by him from Mr. Moore, he violated the provisions of section 3 of the act of 1871; for we regard it as too clear to require discussion, that by his transactions with Mr. Moore, at Fond du Lac, he acted or aided in transacting the business of insurance of those companies, and also in placing risks and effecting insurance therein, without first procuring the required certificate from the secretary of state, as charged in the complaint.

The question is, therefore, Was the defendant the agent of those companies in his transactions with Mr. Moore? The term "agent," as used in the act of 1871, is defined in section 1 of that act; and by that definition the question must be solved. Hence, if the defendant solicited insurance of Mr. Moore on behalf of any insurance company of the character specified in the section, he is chargeable as an agent of such company. That he solicited insurance of Mr. Moore is undenied. It is also undenied that he solicited it for the purpose and with the intention of placing the risk in several fire insurance companies, contained in a larger list of companies, which he there produced. But it is said that because the solicitation was general — that is, because no specific companies were named in which the insurance was to be placed,— the definition of the statute does not reach the case. We are unable to assent to this view. When the defendant, or (which is the same thing) his firm, placed the insurance, he characterized the act of solicitation, and demonstrated that he solicited on behalf of the companies in which he placed the insurance. He cannot now be heard to affirm that he did not

solicit the insurance of Mr. Moore on behalf of those specific companies. We conclude, therefore, that the undisputed evidence proved that the defendant violated the provisions of the act of 1871, when, without first procuring the required certificate of the secretary of state, he solicited insurance of Mr. Moore, and that the court properly directed the jury to find for the plaintiff.

But it is claimed by the learned counsel for the defendant, that, conceding the liability of the defendant, he has committed but one offense and is liable to but one penalty. We think the position is not well taken. The fact that the solicitation was made on behalf of all the companies named in the complaint, at the same time and in the same conversation, is not deemed material. The statute clearly contemplates that a solicitation on behalf of each company shall constitute an offense. Had the solicitations been made on behalf of a single company at one hour, and on behalf of another company the next hour, and so on through the list, it would not be doubted that as many offenses were committed as there were companies. What possible difference can it make that all of the solicitations were blended in one? We are unable to perceive any difference in principle between the case supposed and the present case.

It is further claimed that the court had no authority to fix the penalty. If it was error for the court to do so, inasmuch as it was fixed at the lowest sum permitted by law, there is no possibility that the defendant was injured by the error. Hence the judgment cannot be disturbed because it was not left to the jury to fix the penalty. We do not decide whether the amount of the penalty to be imposed should be fixed by the court or the jury.

The above views cover all the material errors assigned, and determine the legal propositions involved in them adversely to the defendant.

*By the Court.*—The judgment of the circuit court is affirmed.