HELEN B. BATES v. DETROIT MUTUAL BENEFIT ASSOCIATION.

*Insurance—Forfeiture for non-payment of assessments.*

Forfeitures for breach of condition cannot be established except for the violation of the precise condition made.

The articles and by-laws of a Mutual Benefit Association required that assessments be made by the secretary; and the certificates of membership provided that assessments be payable within thirty days after notice from the secretary. *Held* that the notice contemplated was notice of the assessment ; and that insurance was not forfeited by neglect to pay assessments that were not imposed by the secretary or by the trustees, but only, if at all, by persons claiming to be managers, and where the only notice from the secretary was a notice of forfeiture.

Error to the Superior Court of Detroit. (Chipman, J.) October 16.—October 24.

ASSUMPSIT. Defendant brings error. Affirmed.

*Wilkinson, Post & Wilkinson* for appellant.

*John Atkinson* and *Isaac Marston* for appellee.

CAMPBELL, J.  Plaintiff recovered judgment against defendant upon a life policy issued to Fort Henry Bates, her husband.  The only defense relied on was a forfeiture or termination of the policy by failure to pay assessments. The court directed a verdict for plaintiff, and the only question is whether there was any testimony tending to prove such forfeiture.

The assessments insisted on were amounts of one dollar payable by each person insured, on the death of any other person insured.  The certificate of membership provided that "the holder of this certificate agrees to pay the sum of one dollar at the death of each member whom he shall survive, or at the maturity of any certificate, if deemed necessary by the trustees."  This was to be payable "within thirty days after the date of a written or printed notice from the secretary making such assessments," etc.  A failure to pay was to terminate the membership, unless reinstated.

The articles of association provided not only for death payments but for payments during life on certain contingencies, and they provided for raising money to pay both classes of risks by assessment, if deemed necessary for the latter class, and defendant claims by assessment at all events for the death risks.  Upon this there is a controversy.

It appeared that the trustees, as a body, ordered no assessments in the present case, and had no direct knowledge or action in the matter; and that two persons who were associated as McCloud & Herring, claiming to be managers, conducted all the business involved in the present controversy.  None of the notices of assessment, except one less than 30 days before his death, were issued by the secretary.  The rest came from McCloud & Herring.

We find nothing to indicate that any assessment whatever was made, unless the notice itself constituted an assessment. But under the articles and by-laws all assessments, when made, were to be made by the secretary, and the notice to be given was notice of such assessments.

It is well settled that no forfeiture can be established except for a violation of the precise conditions laid down. While we have not discovered anything to authorize the secretary to make assessments until somebody has at least ascertained and determined that the facts exist which make them necessary, and in the absence of other regulations the trustees seem to be the proper judges, yet we need not consider this fully, because assessments made and notices coming from others than the secretary could not satisfy the conditions of forfeiture. And although it is claimed certain notices did emanate from the secretary, they were not notices for future payment, but of default on past obligations, and therefore did not serve the purpose referred to.

We think there was no error in the direction given to the jury.

The judgment must be affirmed with costs.

The other Justices concurred.