## Permelia D. Miner v. The Michigan Mutual Benefit Association of Hillsdale.

*Life insurance—Mutual benefit associations—Notice of assessment— Forfeiture of policy.*

1. For the purpose of commencing suits, a mutual benefit association organized under How. Stat. c. 118, must be regarded as an insurance company within the meaning of How. Stat. § 4360, which authorizes such suits to be commenced, tried, and disposed of in the circuit court of any county in which the plaintiff resides, if the company *issues* policies or *takes* risks in such county, in the same manner and with like effect as if brought in the county where the *office* of the company is *located.*

2. Where the by-laws of a mutual benefit association required the notice of assessment to include a list of all deaths subsequent to the last assessment, and to specify the amount due from the member to the benefit fund,—

    *Held,* that a notice omitting such information was insufficient, and its service raised no liability on the part of the member served to pay the assessment demanded.

3. *Forfeitures* of insurance policies are not to be favored by the courts, which, in construing them, when a forfeiture is claimed, will preserve, if possible, the equitable rights of the holders.

Error to Shiawassee. (Newton, J.) Argued June 25, 1886. Decided October 28, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Huntington & Henderson,* for appellant:

A corporation can only be sued in the jurisdiction of its corporate existence, in the absence of contrary statutory regulations: *Detroit F. & M. Ins. Co. v. Saginaw Circuit Judge,* 23 Mich. 492; *Dewey v. Central Car & Mfg. Co.,* 42 Id. 399.

*Frank H. Watson* and *Lyon & Hackleman,* for plaintiff.

· SHERWOOD, J.   The action in this case was brought upon a certificate of membership issued to the plaintiff's deceased husband in his life-time by the defendant corporation, in which she was the beneficiary named.

The statute of this State authorizes any number of persons, not less than five, to become a body corporate and politic for the purpose of securing to the family or heirs of any member upon his death a certain sum of money to be paid by such corporation, either out of its fund or by an assessment upon its members.

The defendant is a mutual benefit association, organized under chapter 118, How. Stat.   The company is located at Hillsdale, in this State.   Its articles of association state its object, and provide that members shall pay a certain amount upon each assessment, which shall not increase with the age of the member, but shall remain the same.   Its by-laws prescribe the manner in which persons can become members; require all applications to be in writing, and that the application shall be a part of the certificate of membership; and provide the amount to be paid for annual dues and upon assessments.

On the eighth day of October, 1883, Mr. Miner resided at St. Ignace, and made application and became a member of the defendant association.   The application provided that it should be a part of the contract between the applicant and the assurer that he should make punctual payment of dues and assessments, and to conform to the by-laws, etc., and stated his age at 23 years, amount of assessment at $1.08, and named his wife as the beneficiary.   The certificate of membership was issued upon the application to the applicant, bearing date October 8, 1883.

In the spring of 1884, the certificate held by Mr. Miner having become partially destroyed, it was forwarded to the

company at Hillsdale by the agent at St. Ignace to obtain a duplicate. The commissioner of insurance having prohibited the company from issuing endowment certificates, the secretary, erroneously supposing the old one was an endowment certificate, erased from the blank conditions Nos. 9, 10, and 11, and forwarded the same to the agent at St. Ignace, for Mr. Miner, with the following note indorsed thereon:

"In consideration of the surrender of an endowment certificate of even date and number, which did not contain conditions 9, 10, and 11 of the certificate, they are this day erased by the secretary. E. N. SKINNER, Secretary."

In April, 1884, the board of directors ordered an assessment to pay the loss occasioned by the death of one of its members, and in May following directed another assessment to pay the loss occasioned by the death of another.

On April 16, 1884, the defendant's attorney claims that a printed notice of these assessments was mailed to Mr. Miner at St. Ignace. The notice failed to give the list of deaths, and the amount due upon the assessments.

On the fifth day of July, 1884, Mr. Miner was drowned at St. Ignace. Proofs of death were properly furnished to the association, and it refused to make any assessment to pay, or to make any payment to, the wife, on the ground that all her rights under the certificate had been forfeited by the non-payment of the assessments mentioned.

The plaintiff afterwards removed to Corunna, and November 8, 1884, commenced this suit in the Shiawassee circuit court against the company to recover the amount for which her husband was insured by the defendant.

The declaration was served on the treasurer of the company at Hillsdale by the sheriff of that county.

To the declaration the defendant filed a plea in abatement to the jurisdiction of the court, alleging its residence and its home office was in Hillsdale, and that suit could only be brought against it in Hillsdale county. The plaintiff de-

murred to the plea. Defendant's attorney joined in demurrer, and filed the plea of the general issue, with notice of special matters, under circuit court rule No. 102.

On the third day of February, 1885, the demurrer was sustained. The cause afterwards went to trial by jury before Judge Newton, who, after hearing the proofs, directed a verdict for the plaintiff, submitting only the amount thereof to the finding of the jury, who assessed her damages at the sum of $3,106.17, and judgment was duly entered therefor. The case is now before us for review on error.

We have no question but that for the purpose of commencing suit the defendant must be regarded as an insurance company within the laws of this State (How. Stat. § 4360; *Carmichael v. Northwestern Mut. Ben. Ass'n,* 51 Mich. 494; *Sick v. Michigan Aid Ass'n,* 49 Id. 51; May, Ins. § 550; *Bolton v. Bolton,* 73 Me. 299; *Com. v. Wetherbee,* 105 Mass. 160), and that the contract declared upon is one of insurance (*State v. Northwestern Mut. Live Stock Ass'n,* 16 Neb. 549; *State v. Merchants' Exch., etc., Soc.,* 72 Mo. 146; *State v. Farmer,* 49 Wis. 459; *State v. Miller,* 66 Ia. 26).

We think the suit was properly brought within the county where the plaintiff resided,[1] and that the declaration is sufficient, and the demurrer to the plea was properly sustained. And this disposes of all the objections to testimony taken on the ground of the insufficiency of the declaration.

The main question in the case relates to the sufficiency of the notice of the assessments given to Mr. Miner, and which it is alleged he failed to pay, and thereby forfeited all right to the benefit now claimed by the plaintiff under said certificate.

There seems to be no question but that the assessments

---

[1] How. Stat. § 4360.—"Suits may be commenced, tried, and disposed of against *insurance* companies organized under the laws of this State in the circuit court of any county of this State in which the *plaintiff* resides, and such company shall issue policies or take risks, in the same manner and with like *effect* as if the suits were brought in the county where the office of the company is located."

were ordered by the association, and that they became due
only after proper notice thereof was given to Mr. Miner.
The provisions of the by-laws, so far as they relate to this
subject, are contained in article 16. The sections read as
follows:

"Sec. 1. Whenever the condition of the benefit fund in the
treasurer's hands shall make it necessary to levy an assessment
to pay a death benefit, or for such annual dues, it shall be
the duty of the secretary to send by mail to ·the post-office
address of each member, as recorded in books of association,
a notice, giving name, residence, cause of death, number and
amount of benefit certificate held by deceased, which notice
shall include a *list* of *all deaths* that have *occurred subsequent*
to the *last* assessment; also notifying him of the *amount due*
from him to the *benefit fund*. The mailing of such notice
by the secretary shall be deemed lawful notice for the pay-
ment of such assessment or annual dues. Said member must
send all assessments as called for, and annual dues, to the
treasurer, within forty (40) days from the date of such
notice.

" Sec. 2. Any member neglecting to pay his or her assess-
ment and annual dues within forty days after the mailing of
such notice by the secretary that a payment is due shall for-
feit his or her membership in the association, and all benefits
to the benefit fund."

When the defendant's attorney came to offer his proofs on
the part of the defense, after giving testimony tending to·
show that the two assessments claimed to have been in ar-
rears were duly ordered by the association, he then offered
the notice appearing in the margin[1] in evidence, and proposed

---

[1]"ASSESSMENTS FOUR AND FIVE IN 1884.

" *Office of the Mutual Benefit Association, Hillsdale, Mich.*

"HILLSDALE, MICH., April 16, 1884.
"Due May 26. Death No. 27. Alonzo R. Linden, Caro, Tuscola
county, holder of certificate No. 1,236. Was made May 17, 1881.
Died February 17, 1884. Proofs of loss received March 4, 1884.
Cause of death, coma, caused by overwork and anxiety. Paid benefit
fund, $38.00. Amount of certificate, $3,000. Assessment No. 27,
dated June 14. Death No. 28. Charles E. Thornton, Rockford, Kent
county, holder of certificate No. 2,023. Was made June 27, 1882.
Died February 12, 1884. Proofs of loss received March 15, 1884.
Cause of death, inflammation of liver and peritoneum (peritonitis).
·Paid to benefit fund, $24.32. Amount of certificate, $3,000. You

to show it was the one the secretary mailed to Mr. Miner informing him of the two assessments.

Counsel for plaintiff objected to the notice going to the jury, on the ground that it was not such a notice as the by-laws required. It failed to give the *list* of deaths required, and to notify the member of the *amount* due from him to the benefit fund. The court sustained the objection. This ruling was correct. The defendant company was insisting on a forfeiture. The entire defense rested upon it to defeat the plaintiff's claim.

Forfeitures of policies of insurance are not to be favored. The beneficiaries under them are, perhaps, we may safely say, in two-thirds of the cases, persons not learned in the technicalities of the language in which they are not unfrequently couched; and in construing them courts will, whenever a forfeiture is claimed, preserve, if possible, the equitable rights of the holders.

The two things omitted in this notice mailed were to be notified to Mr. Miner; and the time for making payment, which gave the right to the forfeiture claimed, did not begin to run until the proper notice was given as required by the by-law quoted. And there was something of substance in the part omitted from the notice. In case of the absence or loss of his certificate the notice would furnish him with the only information of the amount he was called upon to pay; and the member was entitled to know the number of deaths since the last assessment, for by this information alone could he form any opinion as to the honest administration of the company's affairs, or as to the care exercised in the selection of lives and members. *North Berwick Co. v. New England F. & M. Ins. Co.*, 52 Me. 336; *Bates v. Detroit Mut. Ben. Ass'n*, 51 Mich. 587; *Baker v. Citizens' Mut. Fire Ins. Co.*, Id. 243; *Olmstead v. Farmers' Mut. F. Ins. Co.*, 50 Id. 200.

---

will see this notice calls for two assessments, falling due May 26 and June 14. We send them out together to save expense.

"E. N. SKINNER, Secretary."

We see no occasion for considering the case further. We think the rulings of the circuit judge, including the direction given to the jury, were entirely proper, and the judgment must be affirmed.

The other Justices concurred.