LONDON & L. FIRE INS. CO. v. FISCHER.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1899.)

No. 615.

1. INSURANCE—CONDITION AGAINST INCUMBRANCE—WAIVER.
    The delivery of an insurance policy, by an agent having authority to
    deliver or withhold it, with knowledge of an existing incumbrance on the
    property insured, is a waiver of a condition of the policy against incum-
    brances, which is binding on the company as to such existing incum-
    brances.

2. SAME—CONSTRUCTION OF POLICY.
    In a clause in an insurance policy providing that it shall be void if
    "there be kept, used, or allowed * * * gasoline" on the premises, the
    word "allowed" is to be construed as meaning "allowed to be kept or
    used," and the condition is not violated by merely permitting gasoline to
    be carried through the building on the premises.

In Error to the Circuit Court of the United States for the District
of Kentucky.

Action on insurance policy. For former report, see 83 Fed. 807.

This was an action by John Fischer, upon an insurance policy, to
recover the value of a stock of goods in the city of Louisville, upon
which the defendant insurance company had issued a policy of $3,-
000. The defense of the company rested upon alleged violations of
three conditions of the policy. The conditions were as follows:

"This entire policy, unless otherwise provided by agreement indorsed here-
on or added hereto, shall be void (1) if the insured now has, or shall here-
after make or procure, any other contract of insurance, whether valid or not,
on property covered in whole or in part by this policy; * * * or (2) if
the subject of insurance be personal property, and be or become incumbered
by a chattel mortgage; or (3) if (any usage or custom of trade or manufacture
to the contrary notwithstanding) there be kept, used, or allowed on the above-
described premises benzine, benzole, dynamite, ether, fireworks, gasoline,
Greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha,
nitroglycerine or other explosives, phosphorus, or petroleum, or any of its
products, of greater inflammability than kerosene oil of the United States
standard."

The cause was tried before a jury. Upon the issue whether the
first and second of the foregoing conditions had been broken, the
trial court instructed the jury as follows:

"Then the next inquiry is whether at the time of the delivery of the policy
there was a chattel mortgage. The provision of the policy is that if the
subject of insurance is personal property,—and it is personal property here,—
and be or become incumbered by a chattel mortgage, the policy shall be void.
The plaintiff says in regard to that, by his evidence, by his pleading, by state-
ment of counsel, that there was a chattel mortgage on it; that the plaintiff
had previously bought that stock of goods, or a stock, part of which, perhaps,
remained, and that he owed some $2,900 on it, or $3,000, and to secure that
he had taken out policies in his own name,—two policies,—one of $2,500 and
the other of $500, and had assigned them to the person from whom he pur-
chased, and that that was known and communicated to Mr. Rehkopf, who
was the agent of the insurance company, and that he had full knowledge of
it before he delivered the policy sued on. If that be true, from the evidence,
if you find that to be true, this provision of the policy is not effectual as a
defense, because he is estopped,—the company has waived, through him (to
rely on such breach of), that provision of the policy; and, if the fact be that
there was one or more chattel mortgages on it, it makes no difference, the

policy is good, the evidence being that he had the right and had the author-
ity, as the agent, to deliver or not to deliver this policy. Now, if he delivered
this policy with the knowledge of the existence of those several mortgages,
then the knowledge under such circumstances precluded the insurance company
from making such a defense. It is a waiver. It is estopped now from mak-
ing any such defense. If, however, he delivered the policy, made the contract
complete as the agent of this defendant, and the knowledge was communi-
cated to him afterwards, the fact that he knew it afterwards would not re-
lease the plaintiff from this obligation, because by the very terms of the
contract between the parties any agent was precluded from waiving the
provision of the contract, except where it was indorsed in writing upon the
paper,—the contract itself." ¹

Upon the remaining condition (3) cited above, the charge of the
court was as follows:

"Did the plaintiff in this case, between the 7th of October, 1895, and the
31st of May (the time of the fire), 1896,— did he, in the language of the policy,
'keep, use, or allow in the premises, to wit, the main building, gasoline'?
If you conclude that he did 'keep, use, or allow' to be used, or kept, gasoline
in the premises, thus described, why, then, you should find for the defendant,
because by the very terms of the policy the plaintiff agreed that the policy
should be void, if he did this thing, which was prohibited. You must keep
in mind, now, this proposition refers only to the main building, which ex-
cludes the shed behind. Now, this language here is not used in any tech-
nical sense, either. It is for you to say whether, from the evidence, this
plaintiff kept, used, or allowed to be kept or used, gasoline between the 7th of
October, 1895, and the 31st of May, following. You must consider the whole
evidence on that subject."

Augustus E. Wilson, for plaintiff in error.

John Barret, for defendant in error.

Before TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge (after stating the facts). We think the judg-
ment must be affirmed. It is well settled in the law of fire insurance
that the insurer is estopped to plead as a defense the breach of con-
ditions against other insurance or incumbrances without the con-
sent of the company in writing on the face of the policy, if it appears
that, when the agent of the company, with authority to deliver or
withhold policies, delivered the policy in question, he then knew of
the existence of the other insurance or the incumbrance. In Insur-
ance Co. v. Norwood, 32 U. S. App. 490, 16 C. C. A. 136, and 69 Fed.
7, which was decided by the circuit court of appeals for the Eighth
circuit, it was held that, where the agent was advised by the insured
at the time of the issuing of the policy that he intended to take out
other insurance, the estoppel would apply. Judges Caldwell and
Thayer upheld this view. Judge Sanborn dissented on the ground
that the rule did not apply to the knowledge of the agent of the in-
tention on the part of the insured to take out other insurance in
future, but only to knowledge of existing insurance at the time the
policy was issued. But the proposition formulated above, and
which goes as far as is needed to sustain the charge of the court
below, was expressly approved, not only by the majority of the court,
but also by the dissenting judge. Other cases sustaining this doc-
trine are Putnam v. Insurance Co., 4 Fed. 753 (a decision by Mr. Jus-
tice Blatchford, then circuit judge); Whited v. Insurance Co., 76
N. Y. 415; Insurance Co. v. Hick, 125 Ill. 361, 17 N. E. 792; In-

surance Co. v. Copeland, 86 Ala. 551, 6 South. 143; Patten v. Insurance Co., 40 N. H. 375–381; 1 May, Ins. (3d Ed.) § 294e; 2 May, Ins. § 372c, and cases there cited. There was, therefore, no error in the charge of the trial court upon this point.

The second assignment is based upon the construction which the court gave of the word "allowed" in the clause providing that the policy should be void "if there be kept, used, or allowed" on the premises gasoline. The court construed the word "allowed" to mean "allowed to be kept or used." The evidence tended to show that gasoline was carried through the store from a shed in the back yard, not connected with the main building, where the stock of goods was insured. It was conceded that such carrying of gasoline through the store without leaving it there permanently did not come within the adjudicated meaning of the terms "kept and used"; but it was contended that the word "allowed" embraced more than "kept or used," and was sufficiently broad to include the carrying of gasoline through the store for immediate delivery to customers, even though gasoline was not allowed to be stored on the premises, or to remain there longer than the time required to carry it from the back door to the customer, and to deliver it to him. The court construed the word "allowed" as if inserted for the purpose of making it clear that the condition would be broken, whether the keeping and using was done by the insured himself, or was allowed or permitted by him to be done by some one else. The argument made on this construction is that under it the word "allowed" is merely redundant, and adds nothing to the meaning of the other two words, because it has often been adjudicated that they are broad enough to cover, not only the act of the insured, but also the act of any person whom the insured may permit or allow to keep or use gasoline upon the premises, and in some cases even the act of a tenant in keeping gasoline against the express command of the insured. The mere fact that the words "kept or used" might, by construction, be made wide enough to include "allowed," does not require of us, when the word "allowed" is expressly made a part of the policy, to give it any different meaning from what it would have when it was implied from the use of other words. The habit of using apparently redundant expressions in statutes and contracts and deeds, for the purpose of excluding any possibility of a misconstruction, is very frequent. It justifies us in giving the word "allowed" its ordinary meaning, instead of attributing to it a strained and vague significance, which will defeat the policy. The duty of the court, where the meaning is ambiguous, is to construe the words used against the insurer, who framed them, so as to validate the policy, rather than destroy it. London Assurance v. Companhia De Moagens Do Barreiro, 167 U. S. 157, 17 Sup. Ct. 785; Imperial Fire Ins. Co. v. Coos Co., 151 U. S. 462, 14 Sup. Ct. 379; National Bank v. Insurance Co., 95 U. S. 673. This disposes of all the assignments of error made by the plaintiff in error, and leads to an affirmance of the judgment.