BOYER *v.* GRAND RAPIDS FIRE-INSURANCE CO.

1. FIRE INSURANCE —VIOLATION OF CONDITIONS — STORING OF EX
   PLOSIVES.

   A provision in a fire policy·declaring the policy void if gasoline
   be kept, used, or allowed on the premises insured, applies
   where a small quantity of gasoline is temporarily stored on
   the premises, for use in a gasoline stove in a room having no
   direct connection therewith.

2. SAME—DESCRIPTION OF PREMISES.

   A fire policy insuring property in a "three-story building,"
   describing it, "situated at No. 72 E. street," covers a one-story
   addition just back of the three-story building, connecting
   with it, and for a long time previously used and occupied
   with it as No. 72 E. street, so that the unauthorized storing of
   explosives in the addition will invalidate the policy.

3. SAME—SCOPE OF STATUTE—TITLE—LIMITING PROVISIONS.

   Section 3 of Act No. 167, Pub Acts 1897 (2 Comp. Laws 1897,
   § 5182), which provides for the insertion in fire-insurance
   policies, after the clause enumerating the conditions a breach
   of which shall render the policy void, of a proviso that
   such conditions shall be operative only in case a loss shall
   occur while a breach thereof continues, or such breach is the
   primary or contributory cause of loss, is not unconstitutional
   as an unauthorized limitation upon the scope of the act as
   expressed in its title, viz , "An act to prevent the forfeiture of
   fire-insurance policies by the violation of any condition of the
   policy when such violation has been without prejudice to the
   insurer."

Error to Kent; Grove, J.  Submitted April 13, 1900.
Decided June 5, 1900.

*Assumpsit* by Peter Boyer against the Grand Rapids
Fire-Insurance Company on a policy of insurance.  From
a judgment for defendant on verdict directed by the court,
plaintiff brings error.  Affirmed.

*Peter Doran* (*M. Brown*, of counsel), for appellant.
*Champlin & Stone*, for appellee.

Moore, J. Prior to January 18, 1899, plaintiff owned a stock of goods in the city of Grand Rapids, upon which the defendant had a $1,000 policy of insurance, "the loss, if any, payable to George H: Reeder, trustee, as his interest may appear." The plaintiff desired to remove the stock to Holland, and the following indorsement was made upon the policy:

"Permission is hereby granted to remove the insured property to the three-story, composition roof, brick building, occupied as a boot and shoe store, and situated at No. 72 East Eighth street, in the city of Holland, Mich. Insurance to cease at the former and attach at the latter location from twelve o'clock noon on the 18th day of January, 1899."

The goods were at once removed to this location. The portion of the store in the three-story building was about 20 feet by 50 feet. Just back of this portion of the store was a one-story building about 20 feet by 30 feet, both portions having been used for many years together as one store. Both portions of the building were rented by plaintiff for one rental price. In the partition was a large opening where there had been a door, and also an opening where there had been a window. Both portions of the building were occupied by the plaintiff, though the major portion of his goods was kept in the front portion. He had a rough door hung in the doorway, which fastened from the inside with a string. There was nothing in the opening made for a window.

The policy of insurance, among other conditions, contained the following:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has, or shall hereafter make or procure, any other contract of insurance, * * * . or if the hazard be increased by any means within the control or knowledge of the insured, * * * or if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above-described premises benzine, benzole, dynamite, ether, fire-

works, gasoline, Greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitroglycerin or other explosives, phosphorus, or petroleum, or any of its products of greater inflammability than kerosene oil of the United States standard ( which last may be used for lights, and kept for sale according to law, but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight, or at a distance not less than ten feet from artificial light): * * * *Provided,* a loss shall occur in the property insured while such breach of condition continues, or such breach of condition is the primary or contributory cause of the loss."

The policy contained no agreement indorsed thereon or added thereto varying in any respect the printed conditions as above set forth.

It is the claim of plaintiff that in March he and his clerk, Mr. Mensching, hired a room over the store, where they intended to live, and to get their own breakfasts over a gasoline stove; that he ordered a gasoline stove, which was to be delivered to him soon thereafter, and, for the purpose of supplying this stove with fuel, he bought a gallon of gasoline, which was put in a one-gallon can, and for the purpose of lighting the store he bought five gallons of kerosene oil. The oil and gasoline were delivered to him on Monday, and placed by him in the rear portion of the store. Prior to Monday, Mr. Mensching entered into other employment, and Mrs. Stewart was hired to take his place in the store. She worked on Monday and Tuesday. It is the claim of the plaintiff that on Monday noon, when his clerk was gone to dinner, he used about one quart of the gasoline to remove some spots from the clothing which he wore. On Tuesday evening Mr. Boyer gave a key to the store to Mrs. Stewart, and told her she would have to open the store in the morning, as he was going to Grand Rapids that evening, and would not return in time to open the store in the morning.. About 11 o'clock at night the store was discovered to be on fire. About the time the fire was discovered, one of the front windows was thrown forward into the

street as by an explosion. This was quickly followed by
an explosion which threw the other front window into the
street. The fire was then burning in the front portion of
the store with great intensity. The firemen soon arrived,
and quickly extinguished the blaze. The goods in the
front portion of the store were so badly injured as to con-
stitute a total loss. The goods in the rear portion of the
building were not injured by the fire, and there was but
little fire in that portion of the building. The firemen
entered the rear portion of the building from the rear.
They found the oil and gasoline cans near the middle of
the rear portion of the building. The oil can was about
half full of oil. The gasoline can was empty. The cover
to the gasoline can, which screwed on, was gone, and it
was claimed it was later found in the front end of the
store, under a pile of partly-burned goods. Mr. Boyer
did not go to Grand Rapids as he expected; he says be-
cause he was not feeling well, and because he thought
Mrs. Stewart might have trouble in opening up the store;
and he denied that he had any knowledge of the fire, or of
what caused it, until the morning after the fire. The
insurance company refused to pay the insurance, claiming
that the conditions of the policy had been violated by
allowing gasoline upon the premises without the written
consent of the company, and also claiming the plaintiff
was responsible for the burning of the building.

Upon the trial, after all the testimony was in, the cir-
cuit judge directed the jury to render a verdict for the de-
fendant, upon the theory that the policy was void because
plaintiff violated its conditions by allowing gasoline upon
the premises. It is claimed by plaintiff that "forfeitures
are not favored in the law; that, to enforce the condi-
tion in the policy in suit, it is the duty of the defendant to
show some substantial violation of the condition; it must
not only show a violation, but it must show a violation
of the very words of the condition, and, as before stated,
such violation must be substantial, and not merely tech-
nical, fictitious, or imaginary,"—citing *Bates* v. *Benefit*

*Ass'n*, 51 Mich. 587 (17 N. W. 67).   It is said that having
gasoline in the back portion of the building temporarily
was not such a violation of the conditions of the policy
as to make it void; citing *Hynds* v. *Insurance Co.*, 11
N. Y. 554; *Williams* v. *Insurance Co.*, 54 N. Y. 569
(13 Am. Rep. 620); *Smith* v. *Insurance Co.*, 107 Mich.
270 (65 N. W. 236, 30 L. R. A. 368); and other cases.

It is insisted the last-named case should decide this one
in favor of plaintiff.   We cannot agree with counsel in
that contention.   In the last-named case the gasoline was
in the building for the purpose of being used by the paint-
ers when they were making ordinary and usual repairs to
the building by painting it where it needed painting.   The
court discussed the questions involved at length, citing
many authorities, and held, in substance, that the making
of ordinary repairs, in a reasonable way, even though it
increased the risk while the work was going on, and even
though an article was used in the work the use of which
in the business carried on in the building was prohibited
by the policy, would not avoid the policy; that if the use
of naphtha at the time and in the manner in which it was
used was reasonable and proper in the repair of the build-
ing, having reference to the danger from fire as well as to
other considerations, it would not render the policy void,
but the question was a proper one for the jury.   The case
proceeded upon the theory that it was in the contemplation
of the parties that the insured building should be kept in
repair, and that what it was reasonably necessary to do to
accomplish that purpose would not avoid the policy.   But
there can be no such claim made here.   It is a well-known
fact that gasoline is a dangerous article to have in and
about a building.   The parties had a right to contract that
it should not be allowed upon the premises without the
written consent of the company.   They made such a con-
tract.   Gasoline was brought upon the premises, not for
the purpose of being used in a reasonable way for neces-
sary repairs, but, according to the version of the plaintiff,
for the purpose of using it in a gasoline stove in an up-

stairs room, having no direct connection with the store, but reached from an outside stairway. Would it be claimed that a gasoline stove could be used without the consent of the company, and that its use would not invalidate the policy? If not, could the keeping of gasoline be allowed on the premises for the purpose of using it in a stove without the consent of the company, and the policy remain good? If so, how much might be kept? And for how long? It seems to me to ask these questions is to answer them against the claim of the plaintiff. The language of the contract is plain and unambiguous, and the parties are bound by it. *Vandervolgen* v. *Assurance Co.*, 123 Mich. 291 (82 N. W. 46); *Imperial Fire Ins. Co.* v. *County of Coos*, 151 U. S. 462 (14 Sup. Ct. 379); *London, etc., Ins. Co.* v. *Fischer*, 34 C. C. A. 503, 92 Fed. 500; *Liverpool, etc., Ins. Co.* v. *Gunther*, 116 U. S. 113 (6 Sup. Ct. 306); Ostr. Fire Ins. (2d Ed.) § 25; 1 Wood, Fire Ins. § 58. The other cases cited by counsel are easily distinguished from this one.

It is claimed by counsel that the goods which were insured were in the three-story, composition roof, brick building, while the gasoline was in the one-story building, and did not come within the prohibition of the policy. We think this too technical. Permission was given to remove the insured property to the three-story, composition roof, brick building, occupied as a boot and shoe store, and situated at No. 72 East Eighth street. When this permission was granted, No. 72 included the rear portion of this store as well as the front portion. Both portions had been occupied for a long time as one store. When the three-story building was erected, there was a door five feet wide and a window three feet wide in the rear partition thereof. When the one-story addition was built, the window sash and the door were removed, and both portions of the room for many years were used as No. 72 East Eighth street, and were so used by the plaintiff when the fire occurred. Some of his stock of goods were there. It is true a rough door had been put in the

doorway, which fastened with a string upon the inside, but both portions were used as one place of business.

It is said there is no evidence in the case tending to show that the gasoline was the cause of the fire; that the fact that the rear portion of the store did not burn is conclusive that the gasoline in no way contributed to the loss; and that the statute of 1897 (sections 5180–5182, 2 Comp. Laws 1897) was designed to prevent the forfeiture of fire-insurance policies by the violation of any condition of the policy when such violation has been without prejudice to the insurer, as is indicated by its title; and that, if we are guided by the title of the act, this case comes within it. It is said any other limitations in the body of the act are unauthorized and void, because in conflict with section 20 of article 4 of the Constitution. It is also said the act, with these limitations left out, is complete, and therefore valid. It is true the body of an act must not, under our Constitution, contain provisions contrary to, or not germane to, the subject-matter indicated in the title; but we do not understand the body of the act must contain all the provisions it might contain under the title to save the act from being unconstitutional. The body of the act contains no provisions not germane to the subject indicated by the title, and not authorized by it. In the absence of the statute, it is clear a breach of the contract of insurance would avoid the policy. *Shelden* v. *Insurance Co., ante,* 303 (82 N. W. 1068). The statute of 1897, by its terms, does not take this case out of that rule. The loss occurred during a breach of the contract, and while its terms were being violated. The statute does not provide that under such circumstances the policy shall be valid.

Judgment is affirmed.

The other Justices concurred.