ZENDER v. DETROIT LODGE NO. 1, KNIGHTS OF ROYAL ARK.

1. Insurance — Mutual Benefit Policy — Laws of Society — Notice of Assessment.

Under the by-laws of a mutual benefit association, making it the duty of the president of the association to levy an assessment on the members of the order on being advised of the death of a holder of a certificate, by giving a written notice of the assessment to the secretary, a notice sent out by the secretary without the authority of the president, after learning of the death of one of the members, was insufficient to forfeit the rights of the holder of a policy for nonpayment of the assessment.

2. Same—Ratification—Agency—Mutual Benefit Associations.

The action of the secretary of the organization was not ratified by a meeting of the lodge following the sending out of the notice of assessment, at which an entry was made in the minutes of the lodge of the name and death of the deceased policyholder, with the amount of his benefit.

3. Same—Notice of Assessment—Forfeiture.

Where the secretary of the lodge sent out an unauthorized assessment notice, and at a later meeting of the lodge he was directed to mail notices of the assessment to each member, and new notices were sent out pursuant to the directions, the time for complying with the same dated

from the second notice, the action of the society amounting to an extension of the time in which to pay the dues.

Error to Wayne; Mandell, J. Submitted April 14, 1915. (Docket No. 95.) Decided March 31, 1916.

Assumpsit by Carrie Zender against the Detroit Lodge No. 1, Knights of the Royal Ark, a mutual benefit insurance association, upon a policy of insurance. Judgment for plaintiff upon a verdict directed by the court. Defendant brings error. Affirmed.

*James A. Murtha* and *John H. Dohrman,* for appellants.

*Corliss, Leete & Moody* and *Benjamin S. Pagel,* for appellee.

BIRD, J. Plaintiff's husband at the time of his death held a certificate of membership in defendant lodge in which it was stipulated that:

"Upon the death of any member in good standing in the mortuary and general funds of this lodge his beneficiary as named on the certificate shall receive the amount of one dollar from each member in good standing at the time of his death."

The number of members in good standing at the time of his death was 700. The insured died July 13, 1912. Plaintiff demanded the insurance, but the defendant refused payment on the ground that the insured was not a member in good standing at the time of his death. The reason assigned for his not being so was that he had failed to pay assessment No. 18, of which he had notice on May 29, 1912. The plaintiff denied that the insured was in default, and denied that any valid assessment had been ordered at that time. The plaintiff insists that no valid assessment could be made except in pursuance of the law which provided that:

190 Mich.—40.

"It shall be the duty of the president at the meeting of the lodge following the death of a member of the mortuary class to give notice in writing to the financial secretary of an assessment of one dollar on each member in the mortuary class. Any member of the mortuary class not paying his assessment within 30 days after notice shall *ipso facto* stand suspended from all benefits of the mortuary class. Any member suspended for nonpayment of assessments and dues, can be reinstated if in good health by paying all arrears, but shall not be entitled to benefits until 30 days after reinstatement."

It is conceded that this provision was not complied with by the president, but that as soon as the financial secretary learned of the death of the member he gave notice of assessment No. 18.

The defendant is an unincorporated voluntary association, which has adopted a printed constitution and by-laws for its government. Provision is made therein when an assessment shall be made, and who shall order it. It makes it the duty of the president to order an assessment upon the death of a member, and not only to order it, but to order it *in writing*, addressed to the financial secretary. The present assessment was ordered by the financial secretary. We find nothing in the laws governing the order which gives him that authority. He is only to act after the president has given him notice that an assessment has been made. The lodge has written into its constitution that the president shall order an assessment in writing. That provision was inserted therein for some purpose, and it does not lie with us to say that the financial secretary has the authority which has been lodged in the president by the constitution. *Bates* v. *Benefit Ass'n*, 51 Mich. 587. We think the point is well taken.

But it is insisted that, even though the president did not call the assessment, the action taken by the financial secretary has been ratified by the lodge. This

is based upon an entry made in the minutes of a subsequent meeting to the following effect:

"William Orlikowski, Deceased.    Death Benefit— Died May 26th.    $700.00."

We are unable to see how this entry is a ratification of the action of the financial secretary.    It means nothing more than that Orlikowski, a member, was dead, and that he was insured in the sum of $700.    It makes no reference to an assessment theretofore made, and is in no wise a ratification of the action of the financial secretary.

It is quite evident that the lodge itself did not regard the assessment as a valid one, because at a subsequent meeting on July 11th it directed the secretary to mail notices of assessment No. 18 to each member.    Even though the first attempt to assess should be regarded as valid, this action on July 11th by the lodge must be regarded as an extension of the time in which the assessment could be paid.    Upon either view the tendering of payment of the assessment on August 1st on behalf of the insured was in season to prevent a default.

The trial court was of the opinion that the insured was not in default at the time of his death for neglecting to pay this assessment, for the reason that it was not a valid assessment, and therefore a verdict was directed for plaintiff.    We think the verdict was properly directed.    Whenever it is possible by a reasonable construction to prevent a forfeiture of an insurance policy, and thereby preserve the equitable rights of the holder, it should be done.    *Miner* v. *Benefit Ass'n*, 63 Mich. 338 (29 N. W. 852).

The judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.