## Home Insurance Company of New York v. Bridges.

(Decided November 14, 1916.)

### Appeal from Graves Circuit Court.

Insurance — Fire Insurance — Prohibited Articles — Violation.—A provision of a fire insurance policy, rendering it void if gasoline is "kept, used or allowed" on the premises, is not violated by the bringing of three-fourths of a gallon of it on the premises for temporary use in cleaning an automobile and vulcanizing its tires, although such act results in the destruction of property.

GORDON & LAURENT, F. M. DRAKE and HOLIFIELD & GARDNER for appellant.

R. E. JOHNSTON and W. H. WYMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

S. F. Bridges owned a building in Mayfield. A portion of the building he occupied as a residence and in the other portion he conducted a grocery. On November 15th, 1914, the Home Insurance Company of New York issued to him two policies, one insuring his stock of groceries in the sum of $250.00, and the other insuring the building in the sum of $400.00 and the furniture and fixtures therein in the sum of $150.00. On September 23rd, 1915, the building and contents were destroyed by fire. The insurance company declined to pay the insurance and this suit was brought to recover on the policies. The trial before a jury resulted in a verdict and judgment in favor of the assured for $800.00, the full amount of the two policies. The insurance company appeals.

The policy on the stock of goods contains the following provision:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises, benzine, benzole, dynamite, ether, fireworks, gasoline, Greek fire, gunpowder exceeding twenty-five pounds in quantity, naphtha, nitro-glycerine or other explosives, phosporous, or petroleum or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights and kept for sale according to law but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight or at a distance not less than ten feet from artificial light)."

The policy on the building and fixtures contains the following:

"Permission is hereby given for the using of a gasoline stove, the reservoir to be filled by daylight only, and when the stove is not in use. Warranted by assured that no artificial light be permitted in the room when the reservoir is being filled, and no gasoline, except that contained in said reservoir, shall be kept within the building, and not more than five gallons in a tight and entirely closed metallic can, free from leak, on the premises adjacent thereto."

From the testimony of the assured, who was the only witness, it appears that he owned an automobile, which he used in connection with his business. It was his custom to procure gasoline for his machine at a down-town station. A few days before the fire he ordered a five-gallon metallic can of gasoline to be brought to the premises for use on a trip to the country. When the can arrived he emptied all of the gasoline into his machine with the exception of about three quarts. He then set the can in the grocery, intending to use the remainder of the gasoline for vulcanizing tires and cleaning his machine. Soon thereafter he arose early one morning and went out to work on his machine. While there his wife went to the kitchen to cook breakfast. A little later she went into the grocery and poured the remainder of the gasoline into an open one-gallon measure, so as to be ready for use. Not knowing that his wife had poured the gasoline into the can, plaintiff went into the grocery and struck a match for the purpose of

lighting his pipe. He threw the match near or into the open receptacle containing the gasoline. The gasoline was ignited, thus causing the fire which destroyed the building and its contents. It further appears that plaintiff never kept any gasoline on the premises for sale or otherwise, except for the purpose indicated above.

The company insists that the possession of the gasoline in the grocery under the circumstances avoided both policies, and that the trial court erred in refusing a peremptory instruction in its favor.

It will be observed that the policy on the stock of groceries provides that gasoline shall not be "kept, used or allowed" on the premises, while the policy on the building and fixtures provides that no gasoline, except that contained in the reservoir of the gasoline stove, shall be "kept" within the building. It is well settled that forfeiture provisions in a policy are construed most strongly against the company and most favorably to the assured. To this end the words "kept or used" have been construed to mean a permanent keeping or use, and the addition of the word "allowed" does not modify the rule, as that term has been held to mean "allowed" to be "kept or used." 19 Cyc. 735; London & L. F. Ins. Co. v. Fischer, 34 C. C. A. 503, 92 Fed. 500. Thus in the case of Dobson v. Sotheby, Moody & M. 90, Lord Tenterden said: "I think that the condition must be understood as forbidding only the habitual use of fire or the ordinary deposit of hazardous goods, not their occasional introduction as in this case, for a temporary purpose connected with the occupation of the premises." In the case of Hynds v. Schenectady County Mut. Ins. Co., 11 N. Y. 554, the court said: "It is not enough, according to this phraseology, that hazardous articles are upon the premises. They must be kept there for the purpose of being stored or kept." Hence it is held that temporary and occasional use of the prohibited article, for the purpose of cleaning machinery, carpets and furniture, or the clothing of the inmates of the building, or for the purpose of making necessary repairs, or for other temporary purposes ordinarily and necessarily connected with the occupation of the premises, does not avoid the policy. Springfield Fire & Marine Ins. Co. v. Wade (Tex.), 58 L. R. A. 714; First Cong. Church v. Holyoke Mut. F. Ins. Co., 158 Mass. 479, 19 L. R. A. 587, 33 N. E. 572; Farmers' & M. Ins. Co. v. Simmons,

30 Pa. 299; Maryland F. Ins. Co. v. Whiteford, 31 Md. 219, 1 Am. Rep. 45; Mears v. Humboldt Ins. Co., 92 Pa. 15, 37 Am. Rep. 647; 2 Clement Fire Insurance, 342. The evidence in this case shows that the assured was not in the habit of storing or keeping gasoline on the premises. On the occasion of the fire he had it there merely for temporary use in cleaning his machine or vulcanizing the tires. His machine was used in connection with his grocery business. Under the circumstances, we cannot say, as a matter of law, that the temporary use of the gasoline for such purpose avoided the policies.

Judgment affirmed.